CASE 43.—ACTION BY MARY WILLIS AGAINST F. W. SAMUELS.—April 21, 1909.

## Samuels v. Willis

Appeal from Barren Circuit Court.

GEORGE W. STONE, Special Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Physicians and Surgeons—Malpractice—Petition—Variance.—where the petition, in an action for malpractice, alleged that defendant, in the course of an operation on plaintiff, negligently cut her intestines, and negligently left in her abdomen after the operation a sponge which irritated the intestines, causing them to ulcerate, etc., plaintiff, though failing to show that defendant negligently cut the intestines, could recover by showing that he negligently left in her abdomen a sponge causing the injuries complained of.

2. Physicians and Surgeons—Malpractice—Petition—Instructions.—The original petition in an action for malpractice alleged that defendant negligently left a sponge in plaintiff's abdomen after the operation, and that the sponge caused the intestines to ulcerate. An amended petition also charged that defendant negligently cut the intestines. The evidence was confined to the negligence based on leaving the sponge

Samuels v. Willis.

in the abdomen. There was no claim of surprise. Held, that
the court properly submitted the case to the jury on the
issue of the negligence alleged in the original petition.

3. Appeal and Error—Harmless Error—Erroneous Admission of
Evidence.—Where, in an action for malpractice, defendant
testified that the terms of his policy insuring him against ac-
cidents did not cover any damages that might be recoverable
in the action, and the court subsequently directed the jury
to disregard the testimony as to his insurance, the error in
permitting evidence as to his insurance was not ground for
reversal.

4. Evidence—Opinions—Matters Directly in Issue.—In an ac-
tion for malpractice in the performance of an opera-
tion, physicians may testify concerning the teachings
of their science and the customs of their craft, but they
can not give their opinion whether an operation performed
in a manner described was performed in an ordinarily care-
ful manner; that being for the jury alone.

5. Physicians and Surgeons—Malpractice—Questions for Jury.—
Where, in an action for malpractice in the performance of an
operation, based on the negligence of the physician in leav-
ing a sponge in the patient's abdomen after the operation,
physicians testified that the best surgeons sometimes left a
sponge in the bodies of their patients in performing similar
operations, the question whether the physician exercised
proper care was still for the jury, since because all men are
at some time careless does not relieve one from the legal
consequences of his careless act.

6. Physicians and Surgeons — Malpractice—Damages.—Defend-
ant, after performing an operation, negligently left in plain-
tiff's abdomen a sponge, which caused the intestines to ulcer-
ate, creating a fistula which emitted fecal matter and noxi-
ous gases to the serious impairment of plaintiff's health and
caused her sickness and mental and physical suffering. Held,
that a verdict for $3,500 was not excessive.

SIMS, DUBOSE & RHODES and PORTER & SANDIDGE for
appellant.

## POINTS AND AUTHORITIES.

1. There is absolutely not a scintilla of evidence that the appel-
lant cut any of the intestines of the patient during the operation,
or at any time; hence instruction No. 4 ought to have been given.

2. The surgeon was only bound to possess and use that care
and skill which surgeons of ordinary skill possess who practice
in similar localities. (Burk v. Foster, 24 Ky. Law Rep. 794.)

3. Negligence is a relative term, and must be determined by
the facts of each case. (Karle v. K. & C. R. R. Co., 55 Mo. 476.)

4. The material inquiry is: Was anything done or omitted which
a surgeon of ordinary prudence and skill, under like circum-
stances, would have done or omitted? (108 Iowa, page 177.)

5. The lower court erred in permitting appellee to introduce
evidence touching the insurance policy, which was not cured by

Samuels v. Willis.

subsequently directing the jury not to consider such evidence in fixing their verdict.

6. The damages were excessive.

BAIRD & RICHARDSON for appellee.

Mental agony and humiliation and bodily suffering are the chief elements of damages in such cases, and this court has uniformly held that it will not and can not reverse because of alleged excessive damages in such case.

In the case of L. & N. R. R. Co. v. Worley, 31 Ky. Law Rep. 960, this court enunciated the rule in this language:

"It was a question for the jury, and if the jury believed the plaintiff and her witnesses, we can not say that the verdict should be disturbed on the question of amount." See, also, Dorris v. Warford, 30 Ky. Law Rep. 963.

"The duty of one abstaining from injuring another applies to the sick, weak and infirm, as well as to the strong and healthy. Where this duty is violated, the measure of damages is the injury which results, though this injury may not have followed but for the peculiar physical condition of the person injured, although it may have been aggravated." Thompson on Negligence, 150; see also Shearman & Redfield on Negligence, 742; Lapleine v. Morgans Louisiana, &c., Co., 1 L. R. A. 378; L. & N. R. R. Co. v. Daugherty, 32 Ky. Law Rep. 1396.

With this view, and upon these authorities, we respectfully ask that the judgment complained against be affirmed with damages.

OPINION OF THE COURT BY JUDGE O'REAR.—Affirming.

Appellant is a surgeon of many years' experience in performing abdominal operations. His office and residence at Louisville. He was called to Glasgow Junction to operate on appellee for ovaritis. Appellee had been very sick for some months, and, the local doctors advising the operation and recommending appellant, she decided to have him do the work. He sent down a trained nurse and followed next day with a medical student as assistant. Several doctors of the neighborhood came in to witness the operation. After the patient had been put under the influence of an anaesthetic, the abdomen was opened by a five or six inch incision, the intestines were pressed aside from the infected region, and in order that they might

be held in place, and so as not to interfere with the operator's work, a number of surgical sponges were inserted in the abdominal cavity, forming a kind of cofferdam about the organ to be operated upon. These sponges are described as gauze cloths about 14 inches by 6 inches, stitched together. After the operation the sponges were intended to be removed and the cut in the abdomen drawn together by stitches, leaving a small opening in which was inserted strips of the gauze for drainage purposes. The operation was thought to have been a success, but the patient did not respond by the anticipated recovery. Instead, after a few days, she grew worse. Finally, and in about 30 days after the operation, it was discovered through a part of the original opening made in the abdomen that some foreign substance was lying near the surface, which, on being removed, was discovered to be one of the surgical sponges used at the operation. So it is claimed by appellee. It was incrustated in and saturated with foul-smelling pus. After its removal the patient improved in health, but there was left a sinus, which it is claimed has developed into a fecal fistula. Appellee brought this suit against appellant, charging malpractice, in that he negligently left or suffered to be left in her person after the operation the surgical sponge, which irritated the intestines, causing them to fester and ulcerate, creating the fistula, which emitted fecal matter and noxious gases to the serious impairment of her health, and causing her sickness and humiliation, mental and physical suffering, for which she sought damages. The trial resulted in a verdict and judgment for $3,500 for the plaintiff.

There are several rulings of the trial court presented on this appeal by the defendant as errors, for which he asks a reversal of the judgment. In the petition it was charged, inter alia: "That the defendant negligently and carelessly caused and permitted to be left in the plaintiff's body instruments, material and dressing used in said operation, and negligently and carelessly left said instruments, material and dressing to remain in her body for several weeks, injuring and perforating her intestines and bowels, and destroying same; that he negligently and carelessly permitted her intestines and bowels to perforate; and that her intestines and bowels are still perforated, and permanently injured," and so forth. In an amended petition filed before the trial, it is said: "She states: That, wherever the word 'perforated' occurs in her petition, she asks leave of the court to strike the same. She states that the defendant when making and superintending said operation negligently and carelessly cut her intestines, and negligently left the same open, and he negligently and carelessly left the sponge described in her original petition in her bowels for more than 30 days, and the same festered and gathered pus in her bowels, and ulcerated her intestines and left an opening therein, and the gas and food and contents of her stomach and bowels worked out through said opening in her intestines, made as afrosesaid, passing out at the opening in her abdomen, which was made to perform said operation, thus forming an artificial opening in her abdomen; that the same has existed and continued, and now exists by reason of the negligence or careless acts of the defendant, causing her great bodily and mental anguish, humiliation, and suffering, and permanently injuring her as stated in her original petition."

There was no evidence that appellant perforated or cut the plaintiff's intestines. There was evidence that the sponge was left in her abdomen, and that it did ulcerate the intestines, with the consequences charged. It is now urged by appellant that plaintiff by the amended petition quoted abandoned and withdrew her complaint based upon the perforation of her bowels by the sponge, and elected to try to recover upon the sole charge of the negligence of the defendant in cutting or perforating the bowels in the course of the operation. It was therefore urged in the court below and is urged here by appellant, that all the evidence admitted, and the instructions submitted authorizing a recovery by the plaintiff for the ulceration of her bowels by the sponge, and any consequences therefrom, were irrelevant to the issue, and should not have been allowed. Simplified, the charge in the original petition was that the defendant had carelessly left foreign substances in the plaintiff's abdomen after the operation, which had perforated her bowels, producing the ill effects specified. It was doubtless thought by plaintiffs counsel upon reflection that they would be held to show a perforation in order to recover, and that by the foreign substance left there, whether the sponge or other thing; that to perforate required a cut or puncture. Unwilling to rest their case upon such a narrow charge, they by the amendment sought to and did enlarge it. First they withdrew the charge that by the substances left in the abdomen the bowels had been perforated. In lieu they charged: First, that the defendant in the course of the operation negligently cut or perforated her intestines; and, second, that the sponge which he negligently left in her abdomen ulcerated her intestines

"and left an opening therein," festering and gather-- ing pus in her bowels. When the evidence failed to support the first charge, plaintiff was still at liberty to sustain the latter if she could, and such was the issue presented by the pleadings. Proof upon that issue was admitted from each side. There is no claim of surprise. Expert witnesses were brought from great distances by the defendant, whose testimony in the main, if not wholly, was upon that point. The jury's attention was directed sharply to that issue of fact. The motion for a peremptory instruction for the defendant, and for judgment upon the pleadings, based upon the theory of the issue now advanced by appellant, were properly overruled.

While the defendant was testifying, he was required on cross-examination to answer the question whether he carried a policy of insurance against accidents of that kind. Before another witness had been intro- duced, the court receded from his ruling on that point. This appears in the bill of evidence: "The court said to the jury that on yesterday the plaintiff asked of the defendant if he didn't carry an insurance policy against loss or liability of this character. On motion all the testimony of the defendant pertaining to such policy is now withdrawn from the jury, and the court admonished the jury to disregard all that testimony and not consider it for any purpose in the considera- tion of this case." The record does not show upon whose motion the matter was withdrawn. Nor does it appear that the evidence could have been very ma- terial in any event. On his re-examination before the matter was withdrawn, appellant was questioned and answered thus: "Q. You have been asked about insurance against suits for malpractice. I will

ask you if the terms of your policy cover any damages that may be recovered in a case like this? A. Not in the slightest.'' We see no cause to suspect that the jury would have disregarded the witness' answer, or did not obey the subsequent admonition of the court. The error was probably harmless in the first place, and was cured in the next.

Appellant testified, and a number of other witnesses in his behalf testified, as to the customary and correct method of skilled physicians in performing the operation which is the subject of this suit. Some of the witnesses were asked the hypothetical question whether, if the operation was performed in that manner, it was an ordinarily careful manner of doing it, or was negligent. Upon objection the witnesses were not allowed to answer that question. This was the correct ruling. That was for the jury alone. Witnesses from a profession may be called to testify concerning the teachings of their science, and the customs of their craft, but whether these things amount to due care is for the court or jury to say in a controverted case.

Many of the physicians testifying on behalf of the defendant said that the best of surgeons sometimes left a sponge or some foreign substance in the bodies of their patients in performing similar operations. It is argued from this that, as the highest degree of skill and care are not exempt from the commission of such accidents, a similar lapse by appellant was at least not other than ''ordinary care;'' but that does not follow. Because all men at some time are careless does not relieve any man from the legal consequences of his careless act; but even that was for the jury to say whether appellant exercised the degree of care

in the case which ordinarily prudent and skilled sur geons, who practice in similar localities, usually exercise in such matters.

The evidence was conflicting whether appellant left the sponge in appellee's body, but it was there. Its presence was not otherwise accounted for. He alone placed and removed the sponges that were used in the operation. There was considerable evidence tending to show it was left there by appellant, and that he did not pursue the course which his own witnesses of his profession said was customary and necessary to verify whether all sponges had been removed.

We think a statement of the case disposes of the claim that the damages were excessive.

Judgment affirmed.