# E. M. F. Company v. Davis.

## (Decided January 16, 1912.)

### Appeal from McCracken Circuit Court.

Automobiles—Action Upon Warranty—Evidence—Witnesses Not Experts.—In an action by the purchaser of an automobile against the company, upon a warranty, while the witnesses that appeared for the plaintiff were not expert machinists, they had all had some experience in handling machines like the one complained of, and it was proper to allow the jury to hear and accept their testimony for what it was worth.

R. T. LIGHTFOOT for appellant.

HENDRICK & CRICE for appellee.

Opinion of the Court by Judge Nunn—Affirming.

This appeal is from a judgment for $881, the purchase price of an automobile and cost or repairs. Appellee bought the machine from an agent of appellant on July 29, 1910. He alleged in his petition that the agent guaranteed and warranted the machine to be in every respect capacitated to run over the territory in which appellee lived to not be defective in any of its parts; to transport him safely and to be in good working and running condition. He alleged that he relied upon the warranty and that it was false and untrue; that the machine was worthless and would not run; that he had been compelled to work almost continuously upon the machine ever since he purchased it to make it run; that it failed to give him any service, and that he necessarily expended $53 in cash for repairs trying to operate the machine and get some service out of it. The appellant answered denying the warranty and that the machine was worthless and that the repairs purchased were necessary, and alleged that the machine was in good working order. Appellee returned the machine and brought this action, and each party introduced many witnesses upon the trial, sustaining their claims.

The court gave an instruction upon the measure of damages which is unobjectionable, and in another instruction stated the law of the case as follows:

"Gentlemen of the jury: If you believe from the evidence in this case that at the time the plaintiff purchased the machine in controversy in this action from defendant, that defendant's agent guaranteed and represented to plaintiff that said machine was free from defects and was capacitated and suitable to be run upon and over the roads and streets of this community, and to transport the plaintiff safely and shall further believe from the evidence that plaintiff relied upon said guaranty and representations in the purchase of said machine and was thereby induced to purchase same, and shall further believe from the evidence that said guarantee and representations were untrue that said machine was not free from defects, and was not suitable or capacitated to transport plaintiff with safety over the roads and streets of this community, and that said machine was without value for the purpose for which it was purchased, and that plaintiff within a reasonable time after he purchased said machine and after

discovering the defects therein, if they were defects, and that said machine was not suitable or capacitated to transport him with safety over the roads and streets of this community, offered and tendered said machine back to defendant, then the law is for the plaintiff and you will so find.

"But unless you shall so believe from the evidence in this case then the law is for the defendant and you will so find."

The jury found for appellee and we are of the opinion that it had sufficient evidence upon which to base its finding. Appellant claims that appellee's evidence was not competent as it was not given by experts. It is true that most of appellee's witnesses were not expert machinists, but they all had had some experience in handling machines like the one in contest, and their opportunities to know and ability to handle such machines were fully developed before the jury and it was proper to allow the jury to hear and accept their testimony for what it was worth. The testimony of appellee was to the effect that the machine was worthless for the purpose for which he purchased it. Appellant also claims that appellee did not return the machine to it before the action was brought. It was proved without contradiction that on about the first of October of the year the machine was bought appellant's agent discovered appellee in the machine trying to get it to run; that the agent got into the machine with appellee and they took it a short distance to appellant's garage and the agent promised that he would fix the machine or have it done. Appellee left the machine in the garage but did not tell the agent at that time that he had surrendered it, but did inform him in a day or two afterwards, that he had surrendered it and would have nothing more to do with it.

We do not feel disposed to disturb the finding of the lower court, therefore, its judgment is affirmed.