ALBERT L. REEVES, Appellant, v. FRANK J. LUTZ, Respondent.

St. Louis Court of Appeals, June 8, 1915.

1. PHYSICIANS AND SURGEONS: Malpractice: Evidence.  In an action against a surgeon for injuries to plaintiff's wife from a hot water bag, used to sustain her vitality during an operation, there was evidence that burns sometimes · unavoidably occur through the moving of the patient while the anaesthetic is being administered, even though the utmost care is used, and there was also evidence that, except as stated, it was not proper practice to permit the patient to be burned.  The court asked expert witnesses whether patients were frequently burned in such operations and whether there was danger of burning, and, when objection was made by plaintiff's counsel, on the ground that it was not competent to show that burns may have occurred in other instances, as the surgeons in such cases may have been careless, the court remarked that he did not know that his question was well framed, but that he had undertaken to get at the general experience of surgeons of skill and ability in operations of this kind.  The witnesses answered that such burns did occur, and that there was such danger.  *Held,* that these questions and answers were prejudicial, especially in connection with the court's explanation and in connection with the instructions, in which the court repeatedly charged, in different phraseology, that defendant was only required to exercise such care as an ordinarily skillful and careful surgeon was accustomed to exercise, since they did not discriminate between a case where a burn might have been inflicted through careless-

ness from one where the burn occurred, although due care was used, through an unexpected movement of the patient during the operation.

2. **INSTRUCTIONS: Repetition.** The repetition of the same proposition of law in a number of instructions is to be condemned, even though the proposition is correctly stated.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

REVERSED AND REMANDED.

*Douglas W. Robert* for appellant.

(1) The charge of negligence is not refuted by evidence that the best of surgeons are sometimes negligent. Reeves v. Lutz, 179 Mo. App. 61; Samuels v. Willis, 133 Ky. 459; Davis v. Kerr (Pa.), 86 Atl. 1007. (2) (a) It is erroneous to give undue prominence to evidence by repetition of instructions. Cytron v. Transit Co., 205 Mo. 718; State v. McKinzie, 102 Mo. 629; Sidway v. Livestock Co., 163 Mo. 376; Johnson v. Traction Co., 176 Mo. App. 183. (b) It was therefore error to repeat the same theory in instructions numbers 4, 5, 6 and 7, and thus repeat the instruction four times. (3) (a) Instructions cannot be broader than the pleading and facts, nor should they submit matters not supported by evidence. Scrivner v. Railroad, 169 S. W. 85; Degonia v. Railroad, 224 Mo. 589; Crow v. Railroad, 212 Mo. 611; Robertson v. Railroad, 152 Mo. 382; Waddingham v. Hulett, 92 Mo. 528; Vanhooser v. Berghoff, 90 Mo. 499; Mansur v. Botts, 80 Mo. 658; Price v. Railroad, 77 Mo. 508; Bank v. Murdock, 62 Mo. 70; Ludwig v. Cooperage Co., 156 Mo. App. 128; Crumley v. Timber Co., 144 Mo. App. 536; Marr v. Bunker, 92 Mo. App. 651; Day v. Railroad, 81 Mo. App. 471. (b) Instruction number 3 is erroneous in that it misdirected the jury as to the complaint in the petition. (c) Instruction number 4 is

erroneous in that it told the jury that "if defendant exercised and used such skill and care in said operation and in the preparation therefor and in the use of the hot water bags mentioned in the evidence" as other skilled surgeons used in the locality plaintiff could not recover. There was no evidence of such use in the case. (d) Instructions numbers 3 and 8 are erroneous in that they told the jury "that this (the necessity or propriety of the operation) was decided and determined upon by the plaintiff and his wife before she came to plaintiff (*sic*) for the operation" and that it was "admitted that without consulting the defendant, plaintiff and his wife had determined upon performing the operation which was performed in this case." There was no such issue and no such evidence in the case. (e) Instruction number 7 is erroneous in that the question of "testing the heat of the" hot water bags is referred to and submitted to the jury. (f) Instruction number 7 is further erroneous in that it refers to Dr. Lutz's actions as "a mere error of judgment." There was no such issue or evidence in the case. (g) Instruction number 8 is also erroneous in that it refers to loss of services, society and company resulting from Mrs. Reeves' cancerous condition when there was no evidence of that. (h) It was error to refuse instruction number 11, and to give it in the modified form and refer to the operation for cancer. (4) Evidence of an operation subsequent to the filing of the suit was clearly inadmissible. Holladay v. Moss, 79 Mo. App. 548; Newcomb v. Railroad, 182 Mo. 715; Olmstead v. Brown, 12 Barb. (N. Y.) 657.

*Morton Jourdan* and *John Cashman* for respondent.

There was no error committed in allowing the doctors to explain their answers to the questions put to

each of them by plaintiff's counsel in substantially the following form: "Q. And that would not be proper surgery, would it?" (to burn the patient's leg). In view of this question, to allow the answer which must be necessarily given by all of the doctors to go unexplained would be just what Dr. Carson said it would be. "The Witness: Such an answer needs explanation; and the only way to get the correct idea is to give an explanation. To answer that without explanation would be wrong." Hogan v. Railroad, 150 Mo. 51. Even if it is held to be error, which it is not, still it is not such as to reverse this case. Hogan v. Railroad, 150 Mo. 51; Gordon v. Evans, 97 Mo. 603; Julian v. Calkins, 85 Mo. 202; Bank v. Wells, 98 Mo. App. 573; Walker v. Cooper, 97 Mo. App. 441; O'Keefe v. Railroad, 124 Mo. App. 613. The testimony of the doctors complained about by plaintiff was admissible upon another theory: It was expert testimony, and these doctors had a right to give their opinions in regard to the effect of certain courses of treatment or precautions practiced and taken during the course of the operation. Hogan v. Railroad, 150 Mo. 51; Railroad v. Railroad, 110 Mo. App. 300.

NORTONI, J.—This is a suit for damages said to have accrued on account of defendant's negligence. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

Defendant is a physician and surgeon, and the charge laid against him relates to an alleged malpractice. Plaintiff's wife was suffering from a cancer on her breast and he employed defendant to remove it through a surgical operation.

The petition is in two counts, but, on a former trial, a recovery was had by plaintiff on the second count, while defendant prevailed on the first. We reviewed the case here and approved the finding for plaintiff on the second count, but remanded it for fur-

ther proceedings on the first.    The present appeal presents the issue tried on the first count of the petition only.

For an extensive statement of the facts of the case, see the opinion on the former appeal, Reeves v. Lutz, 179 Mo. App. 61, 162 S. W. 280, to which reference is made.

In performing the surgical operation, it was necessary to employ hot water bags about the patient, in order to sustain her vitality during the while.    The evidence is, that defendant personally adjusted the hot water bag between the lower limbs of the patient, immediately before commencing the operation, and that this was permitted to remain there without examination for as much as an hour and a half or two hours, for the operation, which was an extensive one, consumed so much time.    As a result, one of the lower limbs of plaintiff's wife was severely burned, so as to entail such suffering upon her as to render her incapable of performing the usual duties of a housewife, affording the usual comfort and aid and society to her husband for a considerable time.

It appears that the hot water bag was filled with water, almost, if not quite, to boiling heat, and all the evidence is, that it was a proper practice employed by the most enlightened members of the profession in this locality to use such hot water bags in like circumstances.    The hot water bag was wrapped with a towel, and the patient was clad with a cotton flannel garment to protect the skin at the time, and such, too, was the usual practice.    However, it appears the patient had varicose veins in the limb burned, and the evidence is, that such renders one more liable to burn than if not so afflicted; moreover, defendant knew of this condition and of the likelihood to enhanced susceptibility to burns from that cause.

After the hot water bag was placed between the limbs of the patient, she was covered with a sheet, and

then with two blankets and another, said to be a sterile sheet, in order to retain the heat, with a view of sustaining vitality. There is evidence that sometimes such burns unavoidably occur, through the kicking or moving of the patient while the anaesthetic is being administered, even though the utmost care is used. And there is evidence, too, by way of cross-examination, that, except as stated, it is not proper practice to. permit the patient to be burned. There is evidence here that the patient moved and kicked some, but no examination was made during the entire time as to whether the hot water bottle was disturbed in its position so as to injure her during the time.

. It appears that the court, over the objection and exception of plaintiff's counsel, permitted several expert witnesses to testify on behalf of defendant that burns are frequently inflicted on patients during the operation. The questions so propounded and to which answers favorable to defendant were elicited are as follows:

On examination of Dr. McCandless, the court propounded the following question to him, over the objection and exception of plaintiff: "In your own experience, and that which you have had with other surgeons, doctor, have you noticed whether patients have been frequently, or otherwise, burned in such operations, by hot water bottles?" The doctor answered that such burns do occur.

Then, too, over the objection and exception of plaintiff's counsel, the court propounded to Dr. Carson the following question: "Has it been your experience, and that of other surgeons, that there was danger at times of burning the patient with hot water bottles?" The doctor answered: "Yes, sir."

These questions were objected to on the ground that it was not competent to show that such burns may have occurred in other instances, for such surgeons may have been careless and the matter in issue was

as to whether defendant exercised the proper measure of care and skill in the particular case. After the objection so made was pressed, the court said: "I don't know that my question was very well framed, but I have undertaken, in support of the idea that underlies it, to get at the general experience of surgeons of skill and ability in operations of this kind, with respect to the burning of patients while under the knife," and thereupon directed that the questions be answered.

It is clear these questions and answers, and especially when considered in connection with the explanation of the court, were prejudicial, for they in nowise discriminated the case where a burn might have been inflicted through carelessness, in which event liability to respond therefor would appear, from one which occurred when ordinary care was exercised by a skillful surgeon, as through unexpected movement of the patient during the operation, which caused the burn and, therefore, could not have been obviated by due care, and on account of which no liability may be entailed. The proposition was touched upon in the former appeal, for we there asserted substantially that the mere fact that all surgeons may be careless at times does not relieve another from performing his duties with due care in the particular case. [Reeves v. Lutz, 179 Mo. App. 61, 162 S. W. 280; Samuels v. Willis, 133 Ky. 459, 118 S. W. 339; Davis v. Kerr, 239 Pa. 351, 86 Atl., 1007.]

Especially were these questions and answers prejudicial in the instant case when the several instructions given on the part of defendant are considered in connection therewith. Four separate instructions given for defendant iterated and reiterated the same proposition of law to the jury, though in different phraseology, to the effect that defendant was only required to exercise reasonable care—that is, such as an ordinarily skillful and careful surgeon is accustomed to exercise in like surgical operations under similar

circumstances in the same locality—and that he should be acquitted of fault if he did this. The proposition of law is well enough, but when coming from the court repeatedly in instructions on evidence tending to show that all surgeons frequently burned their patients in like cases it would seem to mislead the jury into believing that defendant could not be required to respond, though remiss in the particular case, for his conduct is to be measured only by what such average physicians and surgeons usually do. The instructions referred to in full are as follows:

## IV.

"The court instructs the jury that the employment of defendant, Dr. Lutz, to perform the surgical operation mentioned in the evidence on plaintiff's wife, was not for the exercise of extraordinary skill and care by defendant in the matter of said operation and preparation therefor, and the use and application of the hot water bag mentioned in the evidence; defendant was only required to exercise reasonable skill and care, that is, such skill and care as an ordinarily skillful and careful surgeon is accustomed to exercise and use in like surgical operations, under like circumstances; and, if defendant exercised and used such skill and care in said operation and in the preparation therefor, and in the use of the hot water bag mentioned in the evidence, then, the plaintiff cannot recover, although during the performance of said operation the wife of the plaintiff was burned by the hot water bag, mentioned in the evidence, which caused the injuries out of which this suit grows."

## V.

"The court instructs the jury that the fact that the limb of the plaintiff's wife was burned by the use of the hot water bag will not authorize a recovery upon the part of the plaintiff in this case, if the jury find and believe from the evidence that in the use and

application of said hot water bag, mentioned in the evidence, Dr. Lutz exercised the skill and care of an ordinarily skillful and careful surgeon in the use and application of said hot water bag, taking into consideration the character of the operation and all the attending circumstances.''

## VI.

''You are instructed that if you find and believe from the evidence that in the use and application of the hot water bag mentioned in the evidence, and from the use of which the limb of plaintiff's wife was burned, Dr. Lutz exercised the skill and care in the use and application of said hot water bag that an ordinarily skillful and careful surgeon, taking into consideration the character of the operation and all the attending circumstances, would have used, then, the plaintiff is not entitled to recover in this case and your verdict will be for the defendant.''

## VII.

''The court instructs the jury that although you may believe from the evidence that the defendant used hot water bags while performing the operation on plaintiff's wife, and that she was burned by one of said bags, yet if you further believe from the evidence that the use of hot water bags in aid of operations such as defendant performed in this instance had been and was generally approved, and such hot water bags generally used in like operations by surgeons in the locality where this operation was performed, and that the hot water bags used by defendant were recognized by surgeons generally as of the adopted and standard make, and were prepared for use, and used and applied in the way that surgeons generally adopted and approved in that locality, and that in filling said hot

water bags and in testing the heat of the same, and in preparing the same for application and in the application thereof the defendant exercised reasonable care and skill, that is, such reasonable care and skill as was commonly and generally used and exercised by surgeons generally in the locality where the operation was performed, and that defendant possessed such skill in all of the matters above mentioned, as was possessed by the general average of surgeons in the locality where he practiced, and that in all of said matters above mentioned, he exercised his best judgment, then the court instructs you that defendant cannot be held liable for damages for a mere error of judgment, and your verdict must be for defendant."

Such repetition alone is to be condemned. [Sidway v. Mo. etc. Co., 163 Mo. 342, 376, 63 S. W. 705; Johnson v. Traction Co., 176 Mo. App. 174, 161 S. W. 1193.]

Because of the questions and answers above set forth and the instructions so forcefully utilizing the benefit derived from this evidence, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.