## Madison Coal Corporation v. Altmire.

(Decided June 22, 1926.)

## Appeal from Muhlenberg Circuit Court.

1. Master and Servant—Petition by Employee for Injuries Held Not Demurrable for Failure to Plead Knowledge by Employer of Rule and Custom Alleged.—Petition by employee, claiming injuries received from electric shock, alleging that it was rule and custom of company to shut off electricity while transporting men, is not demurrable for failure to plead knowledge by company of custom.

2. Pleading.—Demurrer to petition for error in pleading special damages held properly overruled, where petition as a whole stated cause of action, and no motion was made to paragraph pleading.

3. Damages—Whether Paralysis was Proximate Result of Electric Shock Received by Employee Leaving Mine Held for Jury.—Where employee received electric shock while riding out of defendant's mine, admission of competent evidence by two physicians that paralytic stroke suffered two days later was caused by electric shock held to afford scintilla of proof, authorizing submission of question to jury whether paralysis was direct and proximate result of injury.

4. Evidence.—Hypothetical question, assuming several matters not based on evidence before court, is incompetent.

5. Evidence.—Calling on expert witnesses to state conclusions, instead of giving opinions as to effect of matters submitted to them in hypothetical question, is error.

6. Evidence—Hypothetical Question May be Submitted on Employee's Proof Alone, and Subsequent Proof Offered by Employer Does Not Make Question Incompetent.—Hypothetical question to witness whether paralytic stroke resulted from electric shock received by employee may be submitted on employee's proof alone, and subsequent evidence by employer as to employee's condition prior to injury does not make question incompetent.

7. Damages.—Expenses incurred by injured employee for treatment should not be submitted to jury as item of damage, in absence of evidence as to amount thereof.

8. Trial.—Physical examination of injured employee by his attorney in presence of jury, by pricking employee's body with a needle, was improper.

ALLEN, HARRIS & ALLEN and W. T. HARRIS for appellant.

WALKER WILKINS, T. J. SPARKS and BEN D. RINGO for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Will Altmire, a coal loader, sued the Madison Coal Corporation, claiming to have received personal injuries

through its negligence and recovered $2,995.00. The coal company appeals.

Appellant owns and operates a shaft mine near Madisonville, the main entry running back from the shaft for something near a mile, with intersecting lie-ways. The main entry is about five feet ten inches in height, and is equipped with an electric trolley wire, which is suspended about five inches from the ceiling and just above the outer edge and to one side of the railway, but is not insulated. Mules are used in drawing the coal cars from the lie-ways into the main entry, from which they are transported to the shaft by electric power. Also the laborers ride to and from their work in coal cars drawn by mules, the current being cut off at regular hours for that purpose. Appellee claims that on the 15th of February, 1924, after finishing work he went to one of the lie-ways and seated himself in a coal car for transportation to the shaft; it was time for closing and he was joined by several laborers. The mule driver drove the car forward about fifty feet in the main entry and stopped. While seated, appellee leaned back or turned his head and came in contact with the trolley wire, receiving a severe electric shock, but continued in the car to the shaft at the mouth of the entry and after leaving the mine walked to his home, five or six hundred yards distant. From that time to Monday afternoon he suffered intensely with pains in his neck and back, had a bad taste in his mouth, and but little appetite, though he was able to go around, and on Saturday went back to the mine and did some slight work; on Sunday he walked down town for his morning paper and read it; Monday he went back to work but was unable to accomplish much and that afternoon received a severe stroke of paralysis, which has proved permanent. At the time of the last injury he made no complaint of the electric shock but did complain of injury by foul air, the physician who treated him not being informed of the shock. From defendant's evidence it appears that prior to this time he was addicted more or less to the use of intoxicants, had hardening of the arteries and several other troubles.

In answer to a long hypothetical question by his counsel, two physicians testify, assuming the facts therein stated to be true, that in their opinion the paralytic stroke was produced by the electric shock, while some four or five introduced by appellant testified to the contrary, asserting that an electric shock is most severe at the time

.of its infliction; that subsequently it is not progressive, but that it has a tendency to improve.

For reversal it is urged (1) that the court erred in overruling a demurrer to the petition in that it charged that it was the rule and custom of the company to shut off the electric current while transporting the men back and forth in the mine entry, the criticism being that it should be pleaded that this rule and custom was known to the company. We fail to grasp the significance of this criticism, as we do not perceive how they could promulgate a rule and not know it, and if such a rule existed the allegation as to the custom was unnecessary. Further criticism is made of the plea of special damages in the petition. Perhaps there is a basis for this, but there was no motion to paragraph that pleading and the petition as a whole states a cause of action, hence the demurrer was properly overruled.

(2) It is earnestly insisted that the court should have peremptorily instructed the jury to find for the defendant. This is based on the claim that the paralytic stroke from which appellee is suffering is not shown to have been the direct and proximate result of the injury. We have seen, however, that two physicians on hypothetical questions testified that it was so produced, and this evidence having been admitted as competent afforded a scintilla of proof and authorized a submission of the question to the jury.

(3) However, there were several matters assumed in the hypothetical question which were not based on the evidence before the court and which therefore rendered that question incompetent. The question is too long for quotation and it is unnecessary to point out its inaccuracies, but on another trial it will be made to conform to the proof introduced. Also the expert witnesses were called upon to state and gave their conclusions instead of giving their opinions as to the effect of the matters submitted to them in the hypothetical question. This was error. Samuels v. Willis 133 Ky. 459; Aetna Life Ins. Co. v. Bethel, 140 Ky. 609.

In its evidence appellant filed copies of declarations for a pension made by appellee to the department on his record as a soldier in the Spanish-American War in which it appears that as far back as 1898 he claimed to have incurred rheumatism, disease of the kidneys and deafness while in the service. His family physician

shows that he was suffering from hardening of the arteries and high blood pressure; further, that he was addicted to strong drink and that these matters would be a predisposing cause of paralysis, and it is urged that it was error to submit a hypothetical question on plaintiff's proof alone. This is incorrect; he may assume the truth of his own evidence. Of course the expert witnesses could have been further examined and their opinions ascertained as to the cause of the paralytic stroke, assuming defendant's evidence to be true, but the subsequent evidence did not render the first hypothetical question incompetent.

There was no evidence as to the amount appellee had expended or as to the expense he had incurred in being treated, consequently this item of damage should not have been submitted to the jury.

Plaintiff's attorney should not have been permitted to conduct a physical examination in the presence of the jury by pricking his client's body with a needle. The instructions are criticised, but taken as a whole they are as favorable to appellant as it could ask.

But for the reasons indicated, the judgment is reversed and cause remanded for proceedings consistent with this opinion.