## Crampton v. Daime.

(Decided May 15, 1928.)

## Appeal from Rockcastle Circuit Court.

1. Automobiles.—In action for injuries from automobile collision, court's permitting witness who visited scene of accident while cars were still there to testify that he saw in the road splinters from running board and other pieces knocked from the cars, though he neither noticed nor looked for car tracks, held not error.

2. Evidence.—In action for damages to automobile in collision, permitting witness, a garage man, to state amount of damage to injured car and to further express his opinion that it could be put in as good condition as it was before the collision, held proper as being one way of describing difference in value of car before and after injury.

3. Evidence.—In action for damages to plaintiff's automobile sustained in collision with defendant's car, permitting a skilled mechanic to express his poinion that the damage to the front axle as he found it could not have been occasioned by the rear axle colliding with defendant's car held proper.

4. Evidence.—In action for damages sustained by plaintiff's automobile in collision with defendant's car, permitting a skilled mecanic to express his opinion as to the course likely to have been taken by plaintiff's car after the accident, with the front axle bent as he found it, held proper.

5. Appeal and Error.—In action for damages to plaintiff's automobile sustained in collision with defendant's car, refusal to permit defendant to testify that as the planitiff's car approached and just before the collision a conversation took place between him and his wife, who was driving, relative to her knowing their car would be hit and that she was over as far as she could get on her side of the road, held not to have been substantially prejudicial to defendant, where defendant had testified as to facts as they transpired.

6. Evidence.—In action for damage to plaintiff's car in automobile collision, sustaining objection to certain questions asked defendant as to how fast plaintiff's car was going held not error, where no avowal was made at the time and defendant had already stated that plaitntiff's car was traveling 40 miles an hour.

7. Appeal and Error.—In action for damages sustained as a result of collision between plaintiff's and defendant's automobiles, sustaining objection to question asked witness whether he saw plaintiff's car passing his house held not prejudicial error.

8. Appeal and Error.—In action for damages to automobile in collision, refusal to permit witness to state speed of plaintiff's car two and a half miles from accident held harmless error as witnesses had testified as to automobile's speed at time of accident.

9. Trial.—The jury is charged with the duty of determining the credibility of witnesses and the weight of the evidence.

10. Appeal and Error.—Appellate court could not disturb the verdict of the jury relative to the liability of party to automobile collision, where the verdict was not palpably against the weight of the evidence.

11. New Trial.—Newly discovered evidence relative to plaintiff's statements made at the time as to the cause of the collision, even if competent as part of res gestae, held not ground for awarding new trial where it was not of such a decisive character as to render it reasonably certain that it would not change the result of the verdict.

C. C. WILLIAMS and J. J. FELTON for appellant.

S. F. BOWMAN and B. J. BETHURUM for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

A Studebaker coach owned by Mrs. Daime collided with a seven-passenger Studebaker sedan owned by B. R. Crampton a few miles north of Mt. Vernon, in Rockcastle county, on the 17th of March, 1927. The Daime car was occupied by Mr. and Mrs. Daime and driven by the former. The Crampton car was occupied by Mr. and Mrs. Crampton and Mrs. Della Barber and driven by Mrs. Crampton. Both cars were damaged to some extent and Mrs. Daime suffered slight personal injuries. Each brought suit against the other for damages to his respective car and Mrs. Daime claimed personal injuries. Also in each case the answer was a traverse without a plea of contributory negligence.

On a trial both cases were heard together and by consent and agreement the Crampton petition was treated as a counterclaim to the Daime petition. The jury returned a verdict in favor of Mrs. Daime for $522. Crampton appeals.

It appears in the evidence that Mrs. Daime was en route from Tampa, Fla., to Cincinnati, Ohio. She testifies that she had been ill and was averse to driving fast and had not permitted her machine to be driven over 15 miles per hour. The car had passed the crest of the hill and was on the right side of the road when she discovered Mr. Crampton's car approaching 200 or 300 yards away, traveling 50 or 60 miles per hour. He had two-thirds of the surfaced part of the road. Mr. Daime drove as far to the right as he could, leaving only the left wheels and 2 or 3 feet of the left of the car over the

paving. Mr. Crampton continued in the center of the road, and ran into and wrecked her car. Its front axle was bent, and it swerved and ran to the left across the road and into the embankment. She fainted and remembers but little more. The doctor treated her wounds, which were painful, but not serious. Her testimony is to some extent corroborated by several witnesses who saw the premises and say that the tracks of the cars at the point of collision indicated that the cars were in the position claimed by her. Also a garage man who came for the car testifies that the left wheel and front axle were bent under the car so that it would only travel in a circle.

On the other hand, Mr. Crampton testifies that he was on his way from Grand Rapids to Chattanooga; that his car was going upgrade at the time and the Daime car coming down; that there was a curve at the top of the hill and as he reached a point within about 60 feet of the crest Mr. Daime came around this curve with his car near the center of the road; he was looking over in a field and lost control of his car and ran into the Crampton car, which was to the right of the center line of the road and partly off the surface; he (Crampton) was not traveling over 20 or 25 miles per hour, while to his best judgment Daime was traveling 40 miles per hour; when Daime's car struck it bounded off and came around, hitting another blow on the rear fender, and then ran into a ditch and embankment. Mr. Crampton is corroborated by Mrs. Della Barber, who was in the car with him, and Mr. Beecher Anderson, who was traveling in another car about 60 to 80 feet behind him, and to some extent by the evidence of other parties who visited the scene of the accident and inspected the tracks of both cars.

On this appeal it is claimed that the court erred to the prejudice of appellant in the introduction of evidence. A witness who visited the scene of the accident while the cars were still there testified that he saw splinters off the running board and other pieces knocked from the cars in the road, though he neither saw nor looked for car tracks. We fail to see any error in the introduction of this evidence. Nor do we think it improper for the same witness, a garage man, to state the amount of damage to the injured car and to further express his opinion that it could be put in as good condition as it was before the wreck, as this is one way of describing the difference in value of the car before and after the wreck. Nor was it

improper for a skilled mechanic to express his opinion that the damage to the front axle as he found it could not have been occasioned by the rear axle colliding with the Crampton car nor to give his opinion as to the course likely to have been taken by the Daime car with the front axle bent as he found it.

The next alleged error is refusal of the trial court to permit the defendant Crampton to testify that as the Daime car approached and just before the collision the following conversation took place between him and his wife: ''I said to my wife we are going to get hit; and my wife said, 'I am over as far as I can get.' '' As a verbal exclamation made at the time of the collision perhaps this evidence was admissible; but the defendant testified as to the facts as they transpired, and it can hardly be said that he was substantially prejudiced by the failure to introduce this evidence. It is also alleged that the court erred in sustaining an objection to a certain question asked Mr. Crampton as to how fast the other car was going. No avowal was made at the time and he had already stated that it was traveling 40 miles per hour. A certain witness was asked whether he saw the Daime car passing his house, objection was sustained, and an avowal as to the speed of the car at that time was not responsive to the question. This was not prejudicial error. A witness who passed the Daime car about two and a half miles from the point of the accident was asked as to its speed, objection was sustained and it was avowed that he would testify that it was running at from 30 to 35 miles per hour. Perhaps this was competent in contradiction of Mrs. Daime, who had testified to a general restriction of the speed of her car; but, as the court had permitted other witnesses to testify that the Daime car was going 45 miles per hour at the time of the accident, we do not think appellant was prejudiced by this error. It is next urged that the verdict is not sustained by the evidence. As to this it may be said that the greater number of witnesses sustained appellant's theory of the case; but they faced a jury who were charged with the duty of determining their credibility and the weight of the evidence, and, while the court may have reached a different conclusion, it is not authorized to disturb the verdict of the jury, unless palpably against the weight of the evidence, and we cannot say so much in this case. Objection is made to the instructions, but no error is pointed out in any of them.

It is lastly urged that the appellant was entitled to a new trial on the ground of newly discovered evidence embodied in the affidavits of three witnesses who said they were engaged in constructing a school building in the town of Mt. Vernon and returned home along the pike shortly after the accident. The parties were still on the ground at the place of collision and they heard Mr. Daime say: "I lost my hat; I lost my head; I lost my control and my everything." It does not appear just how long after the collision this occurred and the expression can hardly be said to be a part of the res gestae. Certainly it could not have been used in contradiction of Mr. Daime, as he did not testify as a witness; hence it is very doubtful if the evidence is competent. Even if it had been competent, it cannot be said that it was of such a decisive character as to render it reasonably certain that it would change the result of the verdict, because it is subject to the explanation that Mr. Daime may have referred to such occurrences immediately at the time of the collision.

On the whole case, seeing no prejudicial error, the judgment is affirmed.