## Mann's Executor v. Leyman Motor Company.

(Decided June 3, 1930.)

BURKE & LAWTON for appellant.

BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Constance R. Mann was killed in the collision of two automobiles at a street intersection in Louisville. Her executor instituted an action against the Leyman Motor Company to recover damages for the death upon the ground that the collision was the consequence of negligence on the part of its agent in driving an automobile belonging to it. The defenses interposed consisted of a denial of the allegations of negligence, and an affirmative plea of contributory negligence on the part of plaintiff's decedent. The trial resulted in a verdict for the defendant. A new trial was denied, and the plaintiff has prosecuted an appeal. In the able brief for appellant it is insisted: (1) That the verdict of the jury was palpably against the evidence; (2) that incompetent evidence

was admitted to the prejudice of the substantial rights of appellant; and (3) that the instructions were erroneous and inadequate.

■ The accident occurred at the intersection of Jackson and Jacobs streets in the city of Louisville. The deceased, Constance R. Mann, was driving a Chevrolet car and was proceeding westerly on Jacobs street. A new Buick car belonging to the Leyman Motor Company, driven by a demonstrator, was going south on Jackson street. The collision occurred in the southwest quarter of the intersection, a few feet west of the center line of Jackson street and a few feet feet south of the center line of Jacobs street. Constance R. Mann was thrown out of her car and sustained fatal injuries. Her car was badly damaged by the impact. It rolled or was knocked a distance of twenty-five or thirty feet, stopping near the south curb on Jackson street. The Buick car stopped on the south side of Jacobs street near the curb about twenty or more feet west of Jackson street. Six witnesses, situated at various points in the vicinity of the accident, testified for the plaintiff. The accident was observed from various viewpoints. According to their testimony the Buick car was going at a high rate of speed and collided with the Chevrolet traveling at a much less rate of speed. Five of the witnesses stated that the Buick ran into the Chevrolet. One of the witnesses did not see the collision, as he was sitting in a parked car with his back to the intersection. It is sufficient to say that the plaintiff's case was made out by an abundance of positive testimony. But there was countervailing evidence. Marshall, the driver of the Buick car, was not present at the trial, but the affidavit of defendant's president was read as his testimony. The two passengers in the Buick testified for the defendant. One of them gave but few facts on the main issue, but the other testified that the speed of the Buick was less than twenty miles an hour as it approached the intersection and that the Chevrolet was going faster. The driver estimated the speed of the Buick at eighteen or twenty miles per hour as it approached the intersection, but did not estimate the speed of the Chevrolet. He did state, however, that the Chevrolet made no effort to stop until it was about the center of the street, when it swerved to the side. Circumstances were proven which the jury had a right to consider as affecting the credibility of plaintiff's case. A photograph of the Buick car taken after the collision was

introduced in evidence, and it showed a large hole in the left rear door. It afforded mute evidence that the door of the Buick car had been hit violently by the colliding car. The result is that although the plaintiff made out a strong case, it was contradicted by the evidence for the defendant, creating a case demanding determination by the jury. There was also some evidence of contributory negligence which was likewise a question to be decided by the jury. In cases of conflicting evidence, depending upon the credibility of the witnesses, the verdict of a properly instructed jury is conclusive, and this court is not authorized to interfere even though the majority of the witnesses and the weight of the evidence are with the losing party. Powell v. Galloway, 229 Ky. 37, 16 S. W. (2d) 489; Peak v. Arnett, 233 Ky. 756, 26 S. W. (2d) 1035. The court is empowered to set aside a verdict on the ground of insufficient evidence to sustain it only when the verdict is flagrantly and palpably against the manifest weight of the proven facts and circumstances. Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985. When there is evidence to support the verdict of a jury, as here, a new trial may not be granted upon the ground that it is palpably against the evidence. L. & N. R. Co. v. Rowland, 227 Ky. 841, 14 S. W. (2d) 174; L. & N. R. Co. v. Curtis, 233 Ky. 276, 25 S. W. (2d) 398.

■ George F. Bauer, service manager for the defendant company, was introduced as a witness in its behalf. He did not see the accident, but testified respecting the damaged condition of the Buick car as a result of the collision. He was asked to state, from an inspection of the Buick car, what parts of any other car could have caused the injuries which it had sustained. He stated that judging by the location and character of the hole in the door it had to be something approximately the same height as the hole and it had to be something sharp in order to punch through the metal door. The only portion of an automobile that could punch such a hole in the door would be the fender arm on the colliding car. That is a sharp steel bracket that fastens the fender to the car. The witness was also asked to state as an expert whether he could tell from the appearance of the marks on the car at what angle the cars came together. His answer was that he could only judge that apparently the front end of the Chevrolet hit the door of the Buick. The witness was fully cross-examined as to the deductions he made from the physical facts and as to the possible parts of an auto-

mobile capable of producing the character of injury found on the car. There is no dispute that the physical facts were properly shown. The competency of Bauer's testimony in the particulars mentioned is questioned upon two grounds. It is first insisted that it is related to matters not properly the subject of expert evidence, and then that the deductions which he drew permitted the witness to usurp the functions of the jury. Certain cases are cited in support of the contention. In Interstate Coal Company v. Shelton, 152 Ky. 92, 153 S. W. 1, it was held that a witness could not testify to an opinion that a plank if nailed would not have slipped when an iron shaft was thrown upon it. It was a matter of such nature that the jury could understand it as well as the witness. The case was reversed for errors in the admission of evidence respecting repairs made after the accident, as well as the evidence of the witness regarding the nailing of the plank. In Samuels v. Willis, 133 Ky. 459, 118 S. W. 339, 19 Ann. Cas. 188, this court approved a ruling of the trial court refusing to permit experts to characterize an operation as ordinarily careful or negligent. It was a malpractice case and that was the exact issue to be determined by the jury. In Barnes & Brother v. Eastin, 190 Ky. 392, 227 S. W. 578, a witness was not allowed to express an opinion concerning the speed of an automobile based upon the violence of the impact with another car. The offer was too vague and unsubstantial to constitute evidence. Cf. L. & N. R. Co. v. Curtis, 233 Ky. 276, 25 S. W. (2d) 398. In Madison Coal Corp. v. Altmire, 215 Ky. 283, 284 S. W. 1068, a judgment was reversed because of the erroneous assumption of unproven matters in an hypothetical question addressed to an expert witness, and also because the expert was called upon to give conclusions instead of expressing opinions. The court cited Samuels v. Willis, supra, and Aetna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523. Much nearer to the point involved here is the case of Crampton v. Daime, 224 Ky. 507, 6 S. W. (2d) 686, where a skilled mechanic was permitted to express an opinion derived from observation of the condition of an injured car respecting the possible cause of the injury, and also the course likely to have been taken by a car moving after the front axle was bent. The physical facts existing in the present case to which the witness testified, and which were manifested by the photographs, afforded a basis for the deductions drawn. It may well be that the opinion of

the witness was not the correct one, or that it was not accepted by the jury. It was not at all necessary to determine what portion of the Chevrolet car inflicted the injury upon the Buick car. The potent fact that some portion of the Chevrolet car did penetrate the door of the Buick car was not made any stronger by the opinion of the witness as to the particular portion of the Chevrolet that caused the injury. The cross-examination of the witness emphasized that there was basis for his opinion, in that no other portion of the Chevrolet protruded enough to produce the character of injury that was received by the Buick car. The facts, fully displayed to the jury, exceeded in importance the opinion of the expert. It has been said that it is the office of an expert to express an opinion, and the province of the jury to draw its own deductions from the opinions expressed. Taylor Coal Co. v. Miller, 168 Ky. 721, 182 S. W. 920. And expert opinions are admissible only when the subject-matter of the controversy renders it neccessary or proper to resort to opinion evidence. L. & N. R. Co. v. Conn, 179 Ky. 478, 200 S. W. 952; Aetna Life Ins. Co. v. Kaiser, 115 Ky. 546, 74 S. W. 203, 24 Ky. Law Rep. 2454; E. M. F. Co. v. Davis, 146 Ky. 231, 142 S. W. 391; Ford v. Providence Coal Co., 124 Ky. 524, 99 S. W. 609, 30 Ky. Law Rep. 698. Within the rule in general it has been said that an observer experienced or skilled in a mechanical trade may be permitted to explain what certain definite appearances would indicate. 22 C. J. sec. 639, p. 543. This is a border line case, but we are constrained to the conclusion that it was not improper to allow the testimony to be considered in connection with the physical consequences of the collision.

■ The first complaint of the instructions is addressed to the matter of speed. There was positive testimony tending to show that the speed of the Buick car exceeded twenty miles an hour, although there was testimony to the contrary. The court told the jury that it was the duty of the driver of defendant's car at the time and place to operate the Buick at such a rate of speed, not exceeding twenty miles an hour, as it should believe from the evidence was reasonable and proper, considering the traffic upon the intersection at the time. The instruction imposed an absolute duty, under all circumstances, to keep the car within a speed limit of twenty miles per hour. The instruction was more favorable to the plaintiff than the instruction offered by it based on

section 2739g-51, Ky. Statutes. The offered instruction was to the effect that a speed in excess of twenty miles an hour was merely prima facie evidence of unreasonable and improper driving, whereas the court by the instruction given made it the absolute duty of the driver not to exceed that limit. Obviously, therefore, the plaintiff could not complain of that instruction. Krieger v. Standard Printing Co., 191 Ky. 552, 231 S. W. 27. The second criticism respecting the instructions regards the omission of one embracing the doctrine of the "last clear chance." Under that doctrine a negligent defendant will be held liable for injury to a negligent plaintiff if the defendant, although aware of the plaintiff's peril, or unaware of it only through culpable carelessness, has in fact a later opportunity than plaintiff to avert the accident by the exercise of due care. Louisville Ry. Co. v. Broaddus, 180 Ky. 298, 202 S. W. 654. Cf. Kansas City Southern R. Co. v. Ellzey, 275 U. S. 236, 48 S. Ct. 80, 72 L. Ed. 259. At least two reasons render that complaint groundless. In the first place there was no evidence that the peril of the decedent was discovered, or could have been discovered by ordinary care, in time reasonably to have averted the injury. Peak v. Arnett, 233 Ky. 756, 26 S. W. (2d) 1035; Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753. In the next place, no instruction suggesting that subject was offered, and under the rule of practice prevailing in this court it is not error to omit an instruction upon a subject not embraced in written offers submitted by the complaining party. Corlew's Adm'r v. Young, 216 Ky. 237, 287 S. W. 706; Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757.

It results that no error prejudicial to the substantial rights of the appellant is apparent in the record.

The judgment is affirmed.