# Davis, Appellant, *v.* Kerr.

*Negligence—Surgeon—Burden of proof—Operation—Failure to remove gauze pad—Custom—Nurses' count—Instructions to jury—Responsibility of surgeon.*

1. Where a gauze pad has been left in the body of a patient following an operation in which the pad was used, a presumption of negligence arises against the operating surgeon and in an action by the patient the burden of proof is upon the defendant surgeon.

2. In such a case this burden of proof is not entirely discharged by showing a custom for operating surgeons to rely upon the count of nurses for assurance that all pads have been removed, with proof that the surgeon in the case in question had been told by the nurses that all pads had been removed. There was also a duty upon the surgeon to exercise care in determining whether any foreign substance had been left in the wound, and it was error for the trial court to instruct the jury that if the cus-

tom of counting by nurses was reasonable and the defendant followed it, he was entitled to a verdict.

Argued Jan. 13, 1913. Appeal, No. 138, Oct. T., 1912, by plaintiffs, from judgment of C. P., Allegheny Co., Third T., 1909, No. 465, on verdict for defendant in case of John Davis and Gertrude Davis, his wife, v. Dr. J. P. Kerr. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before FRAZER, P. J.

The facts are stated in the opinion of the Supreme Court.

The defendant, who was a surgeon, in performing an operation on Mrs. Davis, one of the plaintiffs, left a gauze pad or sponge in the wound, which caused pain and suffering, and ultimately made necessary a second operation. The plaintiffs charged negligence. The defense was that it was customary for the attending nurses to account for all the sponges and that defendant had relied on them. The court in his general charge said: "If you determine the custom was reasonable, or the practice, or whatever you choose to call it, custom or practice, among the surgeons was reasonable, and Dr. Kerr followed it, then that is the end of the case, and you should return a verdict for the defendant. Stop there and return a verdict for the defendant." (3)

The court answered one of defendant's points as follows: "If the jury find from the evidence that a sponge, or other material of like nature, was left in the abdomen of Mrs. Davis, at the time of the operation, such fact alone is no evidence of negligence on the part of the defendant."

Answer: "Affirmed." (7)

The jury found a verdict for the defendant, on which judgment was subsequently entered. Plaintiff appealed.

*Errors assigned* were, inter alia, (3-7) the above instructions to the jury.

*Jesse H. Wise,* with him *William E. Minor, Joseph W. Walters* and *Frank P. Corbin,* for appellants.—The court erred in his charge to the jury and in his answers to the points submitted; in saying to the jury that the defendant was not liable, if the mistake in leaving one of the pads therein was a mistake of the nurses, who assisted in counting at the operation and who made an error in the count of the sponges and if the defendant followed the usual custom in vogue in hospitals in having the nurses count the sponges and if the jury believed that custom was a reasonable one: McCandless v. McWha, 22 Pa. 261; Bonnet v. Foote, 107 Pac. Repr. 252; Reynolds v. Smith, 127 N. W. Repr. 192; Gillette v. Tucker, 65 N. E. Repr. 865; Harris v. Fall, 177 Fed. Repr. 79; Ruth v. Johnson, 172 Fed. Repr. 191; Akridge v. Noble, 114 Ga. 949 (41 S. E. Repr. 78); Detweiler v. Groff, 10 Pa. 376; Olmsted v. Gere, 100 Pa. 127; Yardley v. Cuthbertson, 108 Pa. 395.

*William A. Challener,* with him *Clarence Burleigh,* for appellee, cited: Samuels v. Willis, 19 Am. & Eng. Ann. Cases, 188; English v. Free, 205 Pa. 624; McCandless v. McWha, 22 Pa. 261; Wohlert v. Seibert, 23 Pa. Superior Ct. 213.

Opinion by Mr. Justice Stewart, February 24, 1913:

The plaintiff, Mrs. Gertrude Davis, with a view of having a surgical operation performed on her person by the appellee, a professional surgeon, upon the latter's suggestion and advice and with his assistance, secured accommodations at Mercy Hospital in the City of Pittsburgh, where the operation was performed by appellee 24th July, 1908. The plaintiff was suffering from tubercular peritonitis. To reach the diseased part an incision into the abdomen was required sufficient in length

to admit of the hand of the operator being introduced
for the manipulation of the parts therein enclosed and
affected.  In every such operation pads or sponges are
introduced through the wound to take up the secretions,
the flow of blood, foreign matter if any, and to wall off
the intestines from the field of operation.  These pads or
sponges are all supposed to be removed before the clos-
ing up of the incision.  But in this case one of the
sponges inserted, a piece of gauze about twelve inches
in length, through somebody's mistake or negligence,
was not removed, but was allowed to remain in the abdo-
men after the wound had been sewed up.  Though plain-
tiff remained in the hospital some two months under
appellee's care after the operation, the mistake was not
discovered until more than nine months following the
operation, when a second operation was required for the
removal of the sponge that had been overlooked.  This
action was brought by Mrs. Davis and her husband
against the surgeon who performed the operation, charg-
ing him with negligence in failing to remove the sponge
in the first instance.  In view of the disposition we pro-
pose to make of the appeal reference need be made to
but a single feature of the case as disclosed by the evi-
dence.  Mercy Hospital is a public hospital, supported
in part by State appropriations, and is under the charge
of an order known as Sisters of Charity.  The defendant
was neither a director nor was he one of its staff, though
he frequently performed operations there.  When he or
other surgeons operated in this hospital the nurses re-
quired for assistance were assigned by the Mother Su-
perior.  It is a custom prevailing universally in hos-
pitals of this character when an operation such as this
is to be performed, to commit to the nurses assigned the
duty of preparing in advance, by sterilization and other-
wise, an adequate supply of sponges, carefully counted,
to be taken into the operating room.  These nurses hav-
ing in charge the sponges attend upon the operation.  It
is the business of one having custody of the sponges to

hand them to the operating surgeon as required, while it is the duty of the other to receive them from the operating surgeon after each has served its purpose. The removed sponges speak for themselves as to number. When the operation has been concluded comparison is made by the nurses of those removed with those shown to have been introduced. In this case the defendant, preparatory to closing up the wound he had made, inquired of the nurses whether their count tallied and whether all the sponges had been removed, and it was only upon their replying affirmatively that he closed the wound. The evidence will support no other conclusion than that the defendant was misled by the mistaken count of the nurses. Two questions were left to the jury to pass upon: first, the credibility of the witnesses who testified that defendant before closing the wound had inquired of the nurses whether all the sponges had been removed; and, second, whether the general system or practice of permitting the handling and counting of sponges as we have above indicated was reasonable. The verdict of the jury was an affirmative finding as to each. The only assignments of error which we propose to consider are those which relate to the rulings of the court with respect to the second question. The rule of practice, as we have stated it, required no submission. That the precautions it required in order to avoid the serious mistake of allowing a sponge to remain in the abdomen after the wound had been closed was not only reasonable but wise, was not a subject of dispute. A verdict of a jury is not needed to give sanction to a rule or practice in surgery adopted and approved so universally by those skilled in the science of surgery. But, aside from this, however directly the negligence in this case may be traced to the nurses, the injury complained of could not be referred to the rule, but to the nurses' neglect in applying or observing the rule. Therefore, as thus understood, the reasonableness of the rule was not a question in the case. The court should have given the

jury a very different understanding of what the reasonableness of the practice involved, than that implied in his charge. He instructed the jury as follows: (3rd assignment) "If you determine the custom was reasonable, or the practice, or whatever you choose to call it, custom or practice, among the surgeons was reasonable, and Dr. Kerr followed it, then that is the end of the case, and you should return a verdict for the defendant. Stop there and return a verdict for the defendant." There is here an unavoidable implication that involved in the rule, as an essential part of it, is exemption of the operating surgeon from liability in all cases where, as here, the nurses report that their count shows a removal of all the sponges, and the wound is thereupon closed up with a sponge remaining within; that the whole responsibility for the mistake is with the nurses because of their mistaken count of the sponges. Indeed, the whole case for the defendant was conducted on this theory as appears from the examination of the witnesses; and that the learned trial judge had no other, appears, not only from the above extract from the charge, but from his answers to the several points submitted by the defendant. The third point of defendant was as follows: "It being the undisputed evidence in the case that the counting of the sponges, both before and after an operation was the duty of the nurses, and not of the operating surgeon, and it being further undisputed that the nurses reported to defendant, Dr. Kerr, that all the sponges had been accounted for, the verdict of the jury must be for the defendant." The answer was (7th assignment) "That is affirmed, if you find that the practice or custom to have the nurses count the sponges, is a reasonable and proper custom or practice." The instruction not only misconceives the purpose and object of the rule or practice, but treats it as a rule defining the whole duty of the surgeon, limiting his responsibility accordingly. Manifestly the only purpose in introducing the approved system or practice was to reduce as far as prac-

ticable the hazards to which the one operated upon is exposed, by affording additional security against such accidents as here occurred. It certainly did not contemplate that the security provided was to be the only security upon which the patient could rely for the avoidance of such mishaps, displacing entirely those which had before been recognized, among these the skill and observation of the operating surgeon which had theretofore been employed and relied upon to see that all the sponges had been removed. It may well be that because of the additional security provided the burden theretofore resting upon the surgeon was reduced; that whereas before it was his duty to take accurate count of the sponges, this duty being devolved upon the attending nurses, the surgeon is enabled to give closer attention to the work immediately before him. We can well understand how better results can in this way be achieved. But before the counting of the sponges by the nurses, and before the wound is closed, is it reasonable to suppose that no duty rests on the surgeon to employ his skill or observation to assure himself that no foreign substance has been allowed to remain within? This defendant did not understand the rule or practice as relieving him from all responsibility in this regard, for he testified that he supposed he had removed all the sponges and pads, and that "When those were all removed, then my next step was to confirm that supposition by the statement of the nurses whose duty it is to count the sponges and to have her tally with the nurse who is handing the sponges to me the clean sponges or the ones that haven't been used." In making the observation which led him to conclude that he had removed all the sponges he was strictly in the line of his duty, and acting in accordance with the rules of the improved practice, according to his own testimony. Granting the credibility of his testimony, the only question of fact remaining was, did he in making his observation exercise reasonable skill, care and prudence. The surgeons

who testified in behalf of the plaintiff unite in saying that it is only in most exceptional cases, if any, that the surgeon is warranted in exploring the restored parts after the count of the sponges by the nurses. We can understand how this is a reasonable rule of practice; but it does not concern us here. The question relates to what preceded the count by the nurses. Here the surgeon had reached the conclusion, that he had removed all the sponges, a mistaken conclusion, but verified by the nurses' count. In reaching his conclusion, did he exercise ordinary skill? We see nothing in the evidence to warrant the inference that he did not; but, on the other hand, we find nothing to warrant the inference that he did, which is far more important, since the burden of showing care was upon him. Why was a foreign substance left in the parts which the operating surgeon should have removed? It was for him to acquit himself of negligence with respect to it. The sponge escaped his observation, why? Was it so hidden and concealed that reasonable care on his part would not have disclosed it; or were conditions such that in his professional judgment further exploration by him for sponges would have endangered the safety of the patient? In a word, did he do all that reasonable care and skill would require? Except as one or the other of these questions can be answered affirmatively from the evidence, the law will presume to the contrary, and attribute the unfortunate consequences to his contributing negligence. Neither does the defendant, nor a single witness in his behalf, undertake to give any explanation of the fact that here a sponge which the defendant should have removed was allowed to remain, except to say that the nurses failed to keep accurate count. For all that appears in the case the retained sponge might readily have been discovered by the surgeon, and reasonable prudence and care on his part would have avoided the accident. If this were so, clearly his negligence contributed with that of the nurses and respon-

sibility therefor in law attaches. The case must be tried again. We have sufficiently indicated wherein the error on the first trial consists, and such of the assignments of error as properly fall within what we have said are affirmed.

The judgment is reversed with a venire facias de novo.