No. 8840.

NORKETT v. MARTIN.

PHYSICIANS AND SURGEONS—*Charge of Negligence.*   A charge of negligence against a physician is to be determined solely by the testimony of the members of that profession.   The jury are not at liberty to determine the question by a standard of their own.   *McGraw v. Kerr*, 23 Col. Ap. 163 followed.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Department.

Mr. FRANK MCLAUGHLIN and B. B. LASKA, for plaintiff in error.

Mr. WILLIAM J. MILES, for defendant in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error, a minor suing by her next friend, was plaintiff below in an action against defendant in error, a physician, to recover damages for alleged negligence in diagnosing and treating an ailment from which she was suffering. A verdict was returned for the defendant, and a judgment of dismissal entered thereon.

The only error alleged is in an instruction which reads as follows:

"In considering whether the defendant, in his diagnosis, care and treatment of the plaintiff's injury or disease exercised ordinary care, you cannot set up a standard of your own, but must be guided in that regard solely by the testimony of the physicians, and if you are unable to determine from the testimony of the physicians, what constituted ordinary care and skill under the circumstances of this case, there would be a failure of proof upon the only standard for your guidance, and the evidence would be insufficient to warrant any verdict for the plaintiff."

Counsel concede that this instruction is a copy of one which was approved in *McGraw v. Kerr,* 23 Colo. App. 163, 128 Pac. 870, but insist that a difference in facts renders that case inapplicable. We can not agree with that conclusion. The court there was considering, and discussed at some length, by what evidence a jury should be guided in determining whether or not a physician had exercised such care and skill as his employment required; and held that it was a question for experts. It also held that "if no standard was established by the testimony of physicians, then the jury had no standard." This case is clearly within the rule thus laid down.

The principle on which the rule is based was announced by the court in *Jackson v. Burnham,* 20 Colo. at page 536, 39 Pac. 577, and is supported by abundant authority.

The instruction was correct, and the judgment is affirmed.

Chief Justice White and Mr. Justice Hill concur.