## No. 9556.

THE PEOPLE EX REL. *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT.

DIVORCE—*Change of Venue—Waiver.* By appearing to an application of the wife for temporary alimony, in an action for divorce, the husband waives his right to a change of the venue.

*Original Proceeding in Prohibition.*

Mr. JOHN HIPP, for petitioner.

Mr. JOHN S. STIDGER, for respondents.

Opinion by Mr. Justice Allen.

THIS is an original proceeding in prohibition wherein the petitioner, George N. Crabb, seeks to restrain the District Court of the City and County of Denver, and one of the judges thereof, from further proceeding in a certain civil action which had been instituted and is now pending in that court.

One of the contentions of the respondents, in opposition to the granting of a writ of prohibition, is, in effect, that the petitioner, by his conduct as litigant in the District Court, has waived his right to the remedy now sought. Relevant to this contention, the record shows, among other things, the facts hereinafter recited.

On February 13, 1919, one Mary Egelston Crabb filed, in the District Court of the City and County of Denver, a complaint against her husband, the petitioner in this proceeding, praying for a decree granting separate main-

tenance. Summons was duly issued, and the petitioner, who will be hereinafter referred to as the defendant, was personally served with the summons within the County of El Paso on February 17th. On the same day and within the same county the defendant was served with a written notice which stated that on February 24th the plaintiff would set for hearing her motion for temporary support money and attorney fees. On February 24th the motion was set to be heard on March 3rd. On the date last named, during the call of the docket, counsel for defendant was present in court, and stated that he was under the impression that the hearing was set for the 10th of March. The record shows that on March 3rd, on the motion of the defendant, the hearing was set for March 10th. On March 4th the defendant filed a motion for change of venue, stating, as reasons for being entitled to a change of venue, that the County of El Paso is the proper county in which to try the action; that the home and domicile of plaintiff and defendant, at all times since their marriage, has been in the town of Fountain in El Paso County; and that the defendant was served with a copy of the complaint and summons within the County of El Paso. On March 10th the motion for a change of venue was heard and denied. Thereafter, and on the same day, a hearing was had upon the plaintiff's motion for temporary alimony. At the latter hearing both plaintiff and defendant were represented by counsel. Counsel for the defendant appeared and participated in that proceeding, without objection thereto, and cross-examined the plaintiff, who had been called as a witness in her own behalf.

In disposing of this case it will be necessary to consider only the question of whether the defendant, by appearing and participating in the hearing upon plaintiff's application for temporary alimony, waived his right to a change of venue.

In *O'Rourke v. O'Rourke,* 58 Colo. 300, 144 Pac. 890, a divorce case, where the defendant's motion for a change of venue was erroneously overruled, it was held that the action

of the defendant in answering and going to trial without further objection "reinvested the court with jurisdiction and waived her (the defendant's) right to the change." In *Van Kleeck-Bacon Investment Company v. Clark*, No. 9330, recently decided by this court, the defendant filed a motion for a change of venue, which was denied. The defendant then filed its answer putting in issue the material allegations of the complaint and also setting up the grounds for a change of venue contained in its original motion. The record in that case also shows that the defendant objected to proceeding with the trial on the ground that the venue was improperly laid, and declined to participate in the trial. This court held in that case that the defendant "by filing its answer to the merits it in effect waived its objection to the place of trial and thus by its own act brought itself within the jurisdiction of that court."

A waiver of the right to a change of venue results from doing some act from which an intention to waive the express statutory privilege as to the place of trial could be reasonably presumed, or which could be held to constitute a waiver in fact. *Smith v. Post P. & P. Co.*, 17 Colo. App. 238, 68 Pac. 119. It has been held in other jurisdictions that a waiver results from a general appearance and submission to the jurisdiction, asking for continuance or adjournment, filing a general demurrer, or by asking for further time to answer. 40 Cyc. 113. To hold that a waiver results from appearing and participating in an interlocutory proceeding like a hearing upon a motion for temporary alimony would be consistent with the greater number of decisions bearing upon the question of waiver of the right to a change of venue. A court has no jurisdiction to award temporary alimony unless it has jurisdiction to render a final decree upon the merits of the main controversy. 14 Cyc. 745. Therefore to do any act in recognition of the court's jurisdiction in the one matter is to recognize it in the other. To participate in a hearing upon a motion for temporary alimony is going as far in submitting to the jurisdiction of the court as to file an answer to the merits.

For the reasons above indicated, we are of the opinion that by his appearance and participation without objection in the hearing on plaintiff's motion for temporary alimony, the defendant waived the court's error, if there had been error, in overruling the motion for a change of venue.

The record shows that on March 14th, 1919, the defendant filed a second motion for a change of venue. This second motion was also denied, but we do not think the court erred in this matter, as the second motion was filed after the defendant waived his right to a change of venue, as above indicated.

The petitioner relies upon the case of *People ex rel. Lackey v. District Court*, 30 Colo. 123, 69 Pac. 597, but we do not find that the opinion in that case passes upon the question of whether or not appearing and participating in a hearing upon an application for temporary alimony amounts to a waiver of the right to a change of venue. An opinion is not authority for what is not mentioned therein and what does not appear to have been suggested to the court from which the opinion emanates.   11 Cyc. 745.

This opinion is rendered upon consideration of a petition for rehearing, this court having heretofore, without an opinion, vacated a rule to show cause and dismissed the proceeding.   Rehearing is denied.

Chief Justice Garrigues and Mr. Justice Bailey concur.

Decided April 29, A. D. 1919.   Rehearing denied June 2, A. D. 1919.