No. 10,648.

MOONEY v. VAN KLEECK MORTGAGE CO.

Decided April 7, 1924.

Action for damages for breach of contract. Judgment for plaintiff.

*Reversed.*

1. VENUE—*Change—Waiver*. A defendant who answers after his motion for a change of venue has been denied, waives his right to the change.

2. CONTRACT—*Loan*. Where defendant made application for a loan for $27,000, which was refused by the loan company, which, however, agreed to loan him $25,000 on terms communicated to and accepted by him, it is held that this made a contract.

3. DAMAGES—*Measure of—Contract for Loan*. Where an agreement for a loan contained a provision that if the applicant failed to

comply with its terms he would pay all expenses incurred by the loan company, it is held that he might withdraw from the agreement on payment of the expenses, the amount of which would be the measure of damages for his failure to carry out the contract.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. ALLEN M. LAMBRIGHT, for plaintiff in error.

Messrs. LINDSEY & LARWILL, Mr. D. K. WOLFE, JR., for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error brought suit, and, upon trial to the court, had judgment against Mooney for $1,875, and he brings the case here for review.

The action was for damages for breach of a contract to borrow of the mortgage company $25,000 to be secured on land of the defendant. The complaint stated no more than this, though it contained much evidential matter. The defense also, though cumbered with evidential matter, stated what amounted merely to a denial of the contract; whether there 'was such a contract, was, therefore, the principal question below and is here.

It is claimed that the judgment should be reversed because the motion of the defendant for change of venue was denied. The defendant, however, answered and so waived the right, *Van Kleeck-Bacon Co. v. Clark,* 66 Colo. 286, 180 Pac. 686; *People v. Dist. Court,* 66 Colo. 438, 182 Pac. 5; *People v. Dist. Court,* 72 Colo. 525, 211 Pac. 626.

On the question of the contract we cannot disturb the finding of the court that there was a contract to take the $25,000 loan because there was ample evidence to support that contract, if it was believed. The defendant had made an application in writing for a loan of $27,000; the examiner of the plaintiff, while inspecting the property of-

fered as security, told the defendant that the company would not make the loan for $27,000; the defendant then asked "Will you loan $25,000?" and the inspector said that he would submit the question to the company; he did so, the company assented on terms which were communicated to defendant, who afterwards said that he would take the loan. This made a contract.

The oral agreement was equivalent to a modification of the application in respect to the amount only; the rest of the application remained in force. It contains the following:

"* * * If for any reason I am unable or unwilling to carry out the provisions of this contract I agree to pay all expenses you and your local correspondents may have incurred. * * * "The effect of this clause is to give the applicant the right to withdraw, upon payment of expenses, and to limit his liability to those expenses; but the measure of damages in the trial below was the profit which the plaintiff would have made if the loan had been consummated. Because of the above limitation this was erroneous and for this reason the judgment should be reversed as to the amount of damages and a new trial granted on that question alone; and it is so ordered.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.