## No. 11,292.

## MOONEY *v*. VAN KLEECK MORTGAGE CO.

Decided March 29, 1926.  Rehearing denied April 19, 1926.

Action for damages for breach of contract.  Judgment for plaintiff.

## *Affirmed.*

1. CONTRACTS—*Construction.*  In an action for damages for breach of contract for obtaining a loan, where defendant agreed to pay all ''expenses incurred'' in case he failed to comply with the contract, this was equivalent to an agreement to pay all damages sustained in case he refused to accept the loan.

2. WORDS AND PHRASES—*''Expenses Incurred,''* discussed and defined.

3. DAMAGES—*Measure.*  In an action for damages for breach of contract for a loan, expenses of plaintiff in procuring the loan, including advertising, attorney fees for examining the title, and office expense, held proper elements of damage.

4. APPEAL AND ERROR—*Cross Assignment.*  Cross assignment of errors will not be considered on review where no exceptions were saved on the trial covering the questions involved.

### *On Rehearing.*

5. APPEAL AND ERROR — *Cross Assignment.*  In the instant case it is assumed, although not decided, that exceptions were sufficiently saved by plaintiff to entitle it to have its cross assignment of errors considered and passed upon.

6. EVIDENCE—*Uncontroverted—Effect.*  In an action for damages, it is held that the court was not bound by the uncontroverted testimony of witnesses which consisted of expressions of opinion and estimates, but that he might draw upon the knowledge he possessed in fixing the amount of damage in connection with all the facts and circumstances surrounding the case.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. Allen M. Lambright, for plaintiff in error.

Messrs. Lindsey & Larwill, Mr. D. K. Wolfe, Jr., for defendant in error.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

Defendant in error was plaintiff in the lower court, the plaintiff in error was defendant there, and the parties will be so designated here.

Plaintiff recovered judgment in the first trial of this case, in the trial court for $1,875, loss of profits for breach of contract in failing to accept a loan. Defendant brought the case to this court, where the judgment of the trial court was reversed, and the case remanded with instructions to grant a new trial on the sole question of the amount of damages. *Mooney v. Van Kleeck Mortgage Co.,* 75 Colo. 173, 225 Pac. 210.

In that case this court affirmed the finding and judgment of the trial court that there was a contract on the part of defendant to take the $25,000 loan, which was a modification of the application for a $27,000 loan rejected by the plaintiff; and we further held that this provision in the contract, viz., "* * * if for any reason I am unable or unwilling to carry out the provisions of this contract, I agree to pay all expenses you and your local correspondents may have incurred * * *," gave defendant the right to withdraw upon payment of expenses, and to limit his liability to those expenses, to be considered and treated as damages. A more complete statement of the facts appears in that case, and need not be repeated here.

Upon the second trial of this case in the trial court, there was evidence tending to show that plaintiff paid

for advertising, $73.20, and $25 for examining title; that the examination of the property was made about January 25th; that the loan was refused February 9th; that the reasonable value of the inspector's time for inspecting the property was $30; that defendant had paid $25 to cover expenses of sending the inspector down to make the inspection; that about $20,000 worth of the whole loan had been sold when the papers were completed and sent down; that during that fifteen days the company dropped practically all other business; that the company's total overhead expenses reached about $50 per day; that about four-fifths of the company's time, from January 25th to February 9th, both days inclusive, were devoted to the consideration of defendant's loan; that the company charged $40 per day of those expenses to defendant. The parties stipulated that the cost to defendant, of taking the case to the Supreme Court, was $125.

The court found inter alia that the plaintiff was entitled to recover from the defendant, as damages for breach of contract, the following: For advertising the loan, $73.20; attorney fee for examining abstract of title, $25; that between January 25th and February 9th, both days inclusive, the plaintiff devoted practically all of its time to the matter of defendant's loan; that plaintiff's expenses during that time ran about $50 per day; that defendant should pay, of those expenses, $20 per day, or $300, an aggregate of $398.20. The court further found that the $125 cost to defendant of taking the case to the Supreme Court, should be adjusted between the parties, and apportioned the amount as follows: $75 to be borne by the plaintiff, and $50 by the defendant; that the $75 charged to plaintiff should be deducted from the $398.20, the total damage sustained by plaintiff, leaving a balance of $323.20, for which the court rendered judgment, and adjudged that each party pay his own costs.

Defendant brings the case here for review, and plaintiff has assigned cross-errors.

Defendant's contention is that the plaintiff sustained no damage, for which the defendant would be liable, except the expenses of the plaintiff's inspector when he went to inspect the property, which defendant advanced and paid, and therefore no judgment should have been rendered against him.

The question presented here is whether the trial court adopted the correct measure of damages. The word "expense" is defined in part by Webster to be "A using-up; consumption; loss. * * * That which is expended, laid out, or consumed; outlay; hence, the burden of expenditure; charge; cost; * * * an expense of time."

The clause in the contract which provided that defendant would pay "all the expenses you * * * may have incurred * * *," was equivalent to saying that he would pay "all the damages you may have sustained."

This is broad language, and must be construed to include every element of damages which may fairly be said to have been contemplated by the parties.

In *White v. Abbott*, 188 Mass. 99, 102, 103, 74 N. E. 305, 306, the court held that a claim for compensation for services was within the term "expenses incurred."

In *Matthews, etc., Mfg. Co. v. Trenton Lamp Co.*, 73 Fed. 212, 215, the holding of the court was that the word "expense" was defined as a "disbursement of money"; and that it was as well "the employment and consumption of time and labor," citing Cent. Dict. Tit. "Expense."

In *Sullivan v. Triunfo M. Co.*, 39 Cal. 459, 467, the court said, "The term expenses signifies not only the cost of contemplated services, materials, etc., but also the charges for such as have been performed or furnished."

The trial court correctly held, as a matter of law, that the enumerated items were recoverable, as damages sus-

tained by plaintiff, for the breach of the contract, and that they were included in and covered by the term "expenses incurred."

The record does not show any exception to the disallowance by the court of plaintiff's claim for reasonable compensation for the time of its inspector in examining the property, nor to the per diem allowance of $20.00 per day instead of forty, for the expenses incurred during the fifteen days, and we need not, therefore, pass upon plaintiff's cross-assignment of errors.

There being sufficient evidence to support the findings of the court, the judgment should be affirmed.

Mr. Chief Justice Allen and Mr. Justice Campbell concur.

### On Rehearing.

Mr. Justice Sheafor.

The parties will be referred to here as in the original opinion.

The plaintiff, in its petition for rehearing, urges that the exception of the plaintiff, to the court's findings, was sufficiently saved to entitle it to have its cross-assignment of errors considered and passed upon.

Therefore, assuming, but not deciding, that the exception was sufficient, we shall briefly consider plaintiff's contentions which are: 1. That the trial court erred in not allowing compensation for the time of plaintiff's inspector in examining the property. 2. That the court erred in fixing the value of plaintiff's services at $20 per day instead of $40 per day.

It is insisted that the evidence, relating to the value of the time of the inspector, and to the value of the services of plaintiff, was uncontroverted and that the trial court could not do otherwise than find the full amount claimed by plaintiff.

The evidence given as to the value of the inspector's time and of the value of the plaintiff's services was

merely an expression of opinion or an estimate.  It was wholly within the province of the trial court, sitting as a trier of the facts, to determine the weight and sufficiency of the evidence.  The court was not bound by that evidence any more than a jury would have been bound by it. The trial judge had the right to draw upon the knowledge he possessed, in common with the generality of mankind, to the same extent that a jury could, and had the right to determine, in considering the evidence and all the facts and circumstances surrounding the case, the amount of damage the plaintiff sustained.  We can not disturb the findings and judgment of the trial court.

The original opinion is modified as herein indicated, and as so modified is adhered to.

The petition for rehearing is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.