### BIEHL v. GUARANTY DISCOUNT CORPORATION.

[No. 12,696.   Filed February 15, 1927.   Rehearing denied April 27, 1927.   Transfer denied December 6, 1927.]

VENUE.—*Change of venue properly refused where applicant had agreed in open court that no change would be taken.*—Overruling motion for change of venue was not erroneous where the applicant had withdrawn a former application and agreed in open court that no change would be taken, the motion being based on the same reasons that were given for the first application.

From Marion Superior Court (A 30,917) ; *Clinton H. Givan,* Judge.

Action by the Guaranty Discount Corporation against Harry T. Biehl. From a judgment for the plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*J. Fred Masters,* for appellant.
*Clawson, Yeager & Duncan,* for appellee.

THOMPSON, J.—It is alleged that appellant, who was defendant below, gave to Roy F. Rich, receiver for the Mercantile Discount Corporation, for value received, a note in the sum of $1,158.84, payable in twelve equal installments over a period of one year, the first installment to become due on May 1, 1924; said note provided for attorney fees and drew interest at eight per cent., and further provided that, should any payment become delinquent, the entire unpaid balance should become immediately due and payable; that before any of the payments on said note became due, it was purchased by the appellee herein, who was plaintiff below; that on April 18, 1924, appellant paid $52.98, and on August 13, 1924, $84.95, making a total of $137.93 paid on the principal of said note, leaving due and unpaid $965.70, plus six per cent. interest from August 13, 1924, to date of judgment, and attorney fees.

Appellant filed a motion to make the complaint more specific, which motion was overruled. Appellant then filed an answer in three paragraphs, the first being a general denial, the second alleging that assignment of said notes was made after maturity and that no consideration was paid therefor, and the third alleging breach of warranty. Appellee filed a reply of general denial. On October 21, appellant filed a motion for a change of venue from the county, alleging in his affidavit in support thereof that he could not have a fair and impartial trial of said cause in Marion county where said cause

was pending, for the reason that the plaintiff had and exercised an undue influence over the citizens of the county, which undue influence he alleged existed at that time; that, by the exercise of reasonable diligence, he could not and did not discover said fact until that day; that his affidavit was made immediately upon discovery of said fact, and that said affidavit was not made for vexation or delay. The motion was withdrawn on the following day, October 22, 1925, and a request was made for a jury trial, which was granted. On December 10, 1925, appellant again filed a motion for a change of venue from the county on the same grounds as alleged in his first motion. On December 19, this last motion was overruled, the order overruling said motion being as follows:

"Come now the parties and the court having indicated that motion of defendant Biehl's for a change of venue from the county would be sustained before having the fact called to his attention that agreement has been made in open court by and between the parties that no motion for a change of venue would be asked for and the court being now duly advised in the premises now overrules motion of defendant Biehl for change of venue from the county, to which ruling of the court, the said defendant at the time objects and excepts, and ten days are now given to file bill of exceptions on said ruling."

There was a verdict in appellee's favor and judgment rendered thereon.

Appellant's motion for a new trial was overruled, and appellant excepted.

The only alleged errors relied upon for reversal which we need consider here are: (1) The overruling of appellant's motion to make the complaint more specific; (2) the overruling of appellant's motion for a change of venue.

There was no error in overruling the motion to make the complaint more specific.

Regarding the overruling of appellant's motion for a change of venue, the court below found that there had been an agreement in open court between the parties that no change of venue would be taken from the county, and it has been held that a party who agrees to withdraw his motion for a change of venue, and try the cause in the county, will be bound by such agreement. See *Missouri Pac. R. Co.* v. *Preston* (1901), 63 Kans. 819, 66 Pac. 1050, 63 Pac. 444; *Isenhart* v. *Hazen* (1901), 63 Pac. (Kans. App.) 451; *Newman* v. *Hazelrigg* (1884), 96 Ind. 73. In the case of *People* v. *District Court* (1919), 66 Colo. 438, 182 Pac. 5, the court said: "A waiver of the right to a change of venue results from doing some act from which an intention to waive the express statutory privilege as to place of trial could be reasonably presumed, or which could be held to constitute a waiver in fact."

If the grounds for such change of venue had arisen after the first affidavit was withdrawn, or had been thereafter discovered, and such fact had been set out in the second affidavit, a different aspect might be presented. However, in view of the fact that the very same reasons were given in support of each motion, and that the first motion was withdrawn and an agreement thereafter made that no change of venue would be taken, there could be no error in the overruling of appellant's motion for change of venue.

Affirmed.

Dausman, J., absent.