## No. 12,218.

### DALY *v*. LININGER.
(288 Pac. 633)

Decided April 7. 1930. Rehearing denied June 2, 1930.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for plaintiff in error.

Messrs. GILLETTE & CLARK, Mr. JOSEPH C. SAMPSON, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

HELEN E. Daly sued Gilbert I. Lininger, a dentist, for damages charging that defendant "in treating and extracting plaintiff's teeth failed to use reasonable care

and skill, but on the contrary so negligently and unskillfully performed his work that he severed the left inferior dental nerve.'' Defendant denied the negligence and alleged that plaintiff had a diseased condition of the left inferior jaw bone, resulting from a partially removed tooth, causing a large abscess, which extended from the lower left second bicuspid to the lower left second molar and involved an area through which the left inferior dental nerve passed; that in order to perform the service for which he was employed, and ''to remove the danger of the further spreading of the infection, defendant removed, as completely as possible, the said abscessed area, but in so doing, owing to the profuse hemorrhage accompanying the operation, unavoidably severed plaintiff's left inferior dental nerve in the region of the first molar.'' He further counterclaimed for the reasonable value of his services in the sum of $225. Plaintiff denied that the reasonable value of such services was in excess of $50 which had been paid.

Upon a trial to a jury, the court refused to permit plaintiff to show that a set of false teeth made by the defendant for her was defective, and over plaintiff's objection and exception, directed a verdict on the counterclaim for the defendant. The jury returned a verdict in favor of the defendant upon the issues joined by the complaint and answer and defendant had judgment for $175 and interest, to review which this writ is prosecuted.

The defendant on cross-examination under the statute testified that the plaintiff applied to him on April 15, 1925, for examination and treatment; that she was suffering from a toothache; that X-rays were taken, disclosing an embedded root in the lower jaw surrounded by a diseased and abscessed area necessitating curettement; that novocaine was used as an anesthetic, adjacent teeth removed and the diseased area curetted; that this area enveloped the inferior dental nerve; that ''ordinarily one can retract that on the inside and operate without injury to the nerve;'' that in removing the embedded root, the

nerve was not damaged or injured; that after removing the root a probe was used which developed that infection had extended into the area of the inferior dental canal; that "the removal of the abscess might injure the nerve;" that "the inferior dental vessels and nerve were held to the lingual, or to the inside, * * * while with the other hand small portions of the abscessed tissue were removed * * * with this curette, this spoon-like instrument * * *. * * * I didn't know it had been injured until the patient returned the second day. * * * There was profuse hemorrhage in this operation; that is, as soon as you touch the granulation tissue it bleeds, and it was impossible to clear the field so one could see accurately;" and that the blood must have obstructed his view since he did not know when the nerve had been severed.

Dr. Brownlee testified that it is not the general practice to go ahead and operate if the flow of blood prevents the operator knowing what he is doing. "If he could not see what he was doing, or know what he was doing, on account of the flow of blood, he would stop the flow of blood or arrest it with the sponges, temporarily, so he could see." Plaintiff testified that defendant stated to her after the operation, "We just mangled that nerve, and if it is really severed it will never be any different."

Dr. Carmody testified that "if the hemorrhage was excessive you would probably pack the cavity and wait, even if you felt that you did not remove the pathological tissue," and that plaintiff's injury was permanent.

Dr. Lininger in defense further testified that the nerve and vessels were held to the inside while the assistant applied the sponge to soak up the blood; that the hemorrhage was not profuse; that it was not necessary to suspend the operation and that it would have been impossible so to do; that "We had the blood under control, but it was bothering us some, to the extent that I have explained." On cross-examination he admitted that he had referred to the hemorrhage in his answer as a "pro-

fuse hemorrhage.'' Dr. Carmody further testified, ''If he can stop the hemorrhage so he can see his field and feel safe, I should say that he simply should pack it long enough so he could proceed;'' that ''if he could not see his field because of the blood he should stop for whatever time was necessary until he could see the field and proceed with safety.'' Plaintiff in rebuttal was refused the right to show that certain false teeth made by defendant were not suitable for use and that she could not use them.

Plaintiff contends that the court erred in submitting certain instructions to the jury, in refusing to give others tendered and in refusing to permit testimony of poor workmanship.

Plaintiff asserts that the rule of law laid down in the instructions given, namely, that proof of negligence can be shown only by the testimony of experts is inapplicable under the facts of this case.

We shall consider the law generally and then apply it to the instructions individually. Unquestionably, in certain types of malpractice cases, the law is that negligence can be proven by nonexpert witnesses. The differentiation is clearly enunciated in *Laughlin v. Christensen,* 1 Fed. (2d) 215:

''It is true that there is a large class of malpractice cases in which the question or matter under investigation is so intricate and abstruse, or so little understood, that ordinary jurors would in all probability, know nothing about the same, but must be guided by opinions of witnesses having special knowledge. In this class of cases the plaintiff. fails to make a case for the jury in the absence of testimony of a properly qualified expert witness.''

\* \* \*

''There are, however, at least two other classes of cases dealing with the admission of expert testimony on the issue of negligence. (1) Those in which the question or matter under investigation is so simple that the jurors are as well able as experts to pass upon the same. Ad-

mission of expert testimony in this class of cases, is error.'' Citing cases. ''(2) Those cases in which the question or matter under investigation is of such character that the opinion of expert witnesses thereon, though not indispensable, may yet be of material assistance to the jury. In this class of cases the admission or rejection of expert testimony rests in the sound discretion of the court.''

\* \* \*

''Furthermore, it is not a universal rule, even when the alleged negligence of medical men is under consideration, that testimony by experts is indispensable. The following so-called 'sponge' cases have been called to our attention:'' Citing seven cases. ''But in no one of these cases is such a rule laid down or applied. On the other hand, in Davis v. Kerr, 239 Pa. 351, 86 Atl. 1007, 46 L. R. A. (N. S.) 611, it was held, that if a sponge was proven to have been left in the abdominal cavity, the burden would be thrown upon the defendant to show that there was no negligence, and that a count of sponges by the nurse before and after the operation would not be conclusive.''

\* \* \*

''In Reeves v. Lutz, (Mo. App.) 162 S. W. 280, which was a case where a drainage tube was placed in a wound after an operation, and the wound was allowed to heal over it, the court said: 'No one can doubt such was negligence.' ''

Plaintiff claims, and we think correctly, that the case at bar falls within the class of cases where the question or matter under investigation is of such a character that the opinion of expert witnesses thereon, though not indispensable, may yet be of material assistance to the jury. The Laughlin v. Christensen case, supra, was a ''sponge'' case and follows the general rule in such class of cases announced in 21 R. C. L. 388, 389; *Spears v. McKinnon,* 168 Ark. 357, 270 S. W. 524; *Davis v. Kerr,* 239 Pa. 351, 86 Atl. 1007; *Samuels v. Willis,* 133 Ky. 459, 118

S. W. 339, 19 Ann. Cas. 188; *Palmer v. Humiston,* 87 Ohio St. 401, 101 N. E. 283, 45 L. R. A. (N. S.) 640.

In *Vergeldt v. Hartzell,* 1 Fed. (2d) 633, a dentist was sued for malpractice; proof showed that while polishing an inlay, his drill slipped, penetrating the floor of plaintiff's mouth, lacerating her tongue and otherwise injuring her; that this was caused at a time when he had momentarily turned his head from the patient to an instrument table.

 We believe the rule here applied is equally applicable to the instant case. The defendant testified that he did not know when the inferior dental nerve was severed and that he continued his operation although he could not at all times see what he was doing on account of the profuse flow of blood. It is reasonable to assume that the nerve was severed at a time when the profuse flow of blood obstructed the defendant's vision. The negligence involved is not the adoption of an incorrect diagnosis or standard of treatment, but, having adopted a proper standard of treatment, consists in the performance thereof in a negligent manner. In such a case any pertinent evidence having any fair tendency to sustain the charge of negligence will be sufficient to take the question to the jury.

The court over plaintiff's objection and exception gave the following instructions:

7. "In this case testimony of expert witnesses has been given. Expert testimony is proper and competent concerning matters involving special knowledge or skill, or experience upon some subject which is not within the realm of the ordinary experience of mankind and which requires special research and study to understand. Whilst expert witnesses are allowed to give their opinions, it is entirely within the province of the jury to say what weight shall be given to such evidence. The jurors are not bound by the testimony of experts *except in so far as same goes to the proper method of treatment in dental cases such as is involved herein.* Such testimony

is to be canvassed as that of any other witness; just so far as such testimony appeals to your judgment, convincing you of its truth, you should adopt it; the mere fact that any witness was called as an expert and gave opinions upon a particular point does not necessarily obligate the jury to accept his opinion as to what the facts are.''

8. ''You are instructed that expert testimony is proper and competent concerning matters involving special knowledge, skill or experience upon a subject which is not within the realm of ordinary experience of man and which requires special research, study and experience to understand, such as that of dentistry and the use of different appliances, instruments, apparatus or methods of treatment of physical ailments or conditions. The law allows those having special knowledge, skill or experience upon a particular subject to express their opinions and, upon a hypothetical statement of facts, to say whether according to their experience, research and knowledge a fact may or may not exist.

''The fact to be ascertained and determined in this case is whether the defendant was negligent or unskillful in the care and treatment accorded plaintiff in the respects set forth in her complaint, *and that fact can be determined only by the expert evidence of dentists or physicians that has been offered in this case,* and you will, therefore, disregard entirely so far as this question is concerned, any expression of opinion which may have been given as evidence in this case by the plaintiff herself or by any other lay or nonexpert witness, as well as any preconceived ideas of your own regarding these matters.''

9. ''In this case the defendant admits that he severed plaintiff's left inferior dental nerve, and also admits that as a result thereof a portion of plaintiff's lower jaw has been injured and a portion thereof paralyzed. You are instructed that if you believe, *from a preponderance of the evidence of the expert witnesses testifying herein,*

that by the exercise of reasonable skill and diligence defendant could have avoided thus injuring the plaintiff, your verdict must be for the plaintiff.''

10. ''You are instructed that a dentist is not bound to use any particular method of treatment, and if among dentists of ordinary skill and learning more than one method of treatment is recognized as proper, it is not negligence for the defendant to adopt any one of such methods.

''The fact that some other method of treatment existed or some other dentist may have testified in this case that he might, or would, have used or advised a different method of treatment than that used by the defendant, does not establish or even tend to establish, in and of itself, negligence or improper examination or treatment on the part of the defendant.''

11. ''In considering whether the defendant, in his care and treatment of the plaintiff, exercised ordinary care, you cannot set up a standard of your own, but must be guided in that regard solely by the testimony of the dentists, and if you are unable to determine from the testimony of the dentists what constituted ordinary care and skill under the circumstances of this case, there would be a failure of proof upon the part of plaintiff upon the only standard for your guidance, and the evidence would be insufficient to warrant any verdict for the plaintiff.''

Instruction No. 7 is so confusing that the jury might easily have been misled thereby.

The statement in instruction No. 8, ''and that fact can be determined only by the expert evidence of dentists or physicians that has been offered in this case'' is erroneous and prejudicial.

Instruction No. 9 is manifestly incorrect and prejudicial. If the word ''expert'' had been omitted it would have been a correct statement of the law.

Instruction No. 10 should not have been given because the evidence shows that the standard of treat-

ment adopted by the defendant was uncontroverted and the same as that testified to by all expert witnesses.

Instruction No. 11 is a verbatim copy of one held to be good in the case of *McGraw v. Kerr*, 23 Colo. App. 163, 128 Pac. 870. In that case the transcript of the record discloses that the negligence consisted in the failure to make proper examination and diagnosis of a dislocated shoulder as a result of which the injury occurred.

This instruction was again approved in the case of *Norkett v. Martin*, 63 Colo. 220, 165 Pac. 256, wherein the negligence consisted in improperly diagnosing plaintiff's injury as a "bruised bone" when in fact it was out of normal position and misplaced. The negligence in the instant case does not consist of a wrong diagnosis or the use of an improper standard of treatment, but in the failure to exercise due care in the performance of an operation under an approved diagnosis and standard. The instruction, when considered with instruction No. 10, may have confused the jury. The jury should have been informed as to the law in cases arising out of the negligent performance of professional services under a correct diagnosis or standard.

It should here be observed that unnecessary multiplication of instructions concerning expert testimony tends unduly to emphasize the importance thereof. The law on the subject should be stated more briefly.

The court refused to give the following instructions tendered by the plaintiff:

No. 3. "In this case the defendant admits that he severed plaintiff's left inferior dental nerve and also admits that as a result thereof a portion of plaintiff's lower jaw has been injured and a portion thereof paralyzed. You are instructed that if you believe, from a preponderance of the evidence, that by the exercise of reasonable skill and diligence defendant could have avoided thus injuring the plaintiff, your verdict must be for the plaintiff."

No. 4. "The evidence in this case shows that the de-

fendant, without request or suggestion from the plaintiff, undertook to perform the operation which resulted in the injury here complained of. The defendant by undertaking to perform that operation impliedly represented that he had the necessary skill and experience required to perform such an operation. Therefore, even if you should find from a preponderance of the evidence that the operation in question was a delicate one which required much skill and experience to perform it, your verdict should be for the plaintiff if you find from a preponderance of the evidence that the defendant did not have the experience or did not exercise the skill ordinarily possessed or exercised by dentists who undertake to perform such operations.''

No. 6. ''In considering the testimony in this case you may take into account that the code of ethics among dentists is frequently a bar to securing positive testimony on questions such as are here involved. It is a well known fact that in actions of this kind it is always difficult to obtain professional testimony at all. Members of the profession are often unwilling to testify against one of their own members.''

No. 8. ''In this case testimony of expert witnesses has been given. Expert testimony is proper and competent concerning matters involving special knowledge or skill, or experience upon some subject which is not within the realm of the ordinary experience of mankind and which requires special research and study to understand. Whilst expert witnesses are allowed to give their opinions, it is entirely within the province of the jury to say what weight shall be given to such evidence. The jurors are not bound by the testimony of experts. Such testimony is to be canvassed as that of any other witness; just so far as such testimony appeals to your judgment, convincing you of its truth, you should adopt it; the mere fact that any witness was called as an expert and gave opinions upon a particular point, does not necessarily

obligate the jury to accept his opinion as to what the facts are."

█ Instruction No. 3 requested by the plaintiff and refused by the court states the law and should have been given.

█ Requested instruction No. 4 should not have been given because there were no facts in evidence disclosing that the defendant did not have "the experience or did not exercise the skill ordinarily possessed or exercised by dentists who undertake to perform such operations."

█ Instruction No. 6 requested by the plaintiff is a quotation in part of the language of the court in *Tadlock v. Lloyd*, 65 Colo. 40, 173 Pac. 200. It is objectionable because argumentative and because it refers to a code of ethics not in evidence.

█ So much of requested instruction No. 8 as was proper was incorporated in instruction No. 8 given by the court and the refusal to give the omitted portion thereof did not constitute error.

█ Plaintiff further charges that the court erred in refusing to permit her to introduce evidence of the defective character of the defendant's work and in directing a verdict for defendant on his cross-complaint and thereafter entering judgment thereon in favor of the defendant.

The cross-complaint was in quantum meruit and the answer thereto denied that the reasonable value of such services was in excess of the sum of $50 which had been paid. Under the issues so joined, the court erred in refusing to permit testimony tending to show the defective character of defendant's work. The rule is laid down in Bliss on Code Pleading (3d Ed.) §329, p. 478 as follows: "In an action for work and labor upon a quantum meruit, and not upon a specific contract, the value of the work, upon denial, is in issue, and facts may be shown by the defendant going to its value as, negligence or unskillfulness."

Also in 5 Bancroft's Code Pleading, p. 4517, §2460. "Under a denial that the services were of the value charged the defendant may show that the services were performed in a negligent or unskillful manner." See also *Bridges v. Paige,* 13 Cal. 640; *Caverly v. McOwen,* 123 Mass. 574; *Cate v. Hutchinson,* 58 Neb. 232, 78 N. W. 500; *Schaefer v. Gildea,* 3 Colo. 15; *Mooney v. Van Kleeck Co.,* 79 Colo. 252, 245 Pac. 348.

If plaintiff's offered evidence had been admitted the question of the reasonableness of defendant's charge for the services rendered would have been a controverted fact which should have been submitted to the jury for its determination. Accordingly, the court erred in refusing the offered testimony and in directing a verdict for the defendant.

For the foregoing reasons, the judgment is reversed and a new trial ordered on the issues as joined by the complaint, answer and replication, and the cross-complaint, answer and reply thereto, in conformity with the law herein pronounced.

MR. JUSTICE CAMPBELL not participating.