Dux *v.* Shaver, Appellant.

Argued April 20, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*J. Earl Ogle, Jr.,* for appellant.

*Russell R. Yost* of *Graham, Yost and Meyers,* for appellee.

PER CURIAM, July 14, 1932:

We quote from the opinion of EVANS, P. J., on motions for a new trial and judgment non obtante veredicto:

"The defendant in this case is a dentist and the plaintiff, Irene G. Dux was a patient of his, the other plaintiff being her husband. The plaintiffs claim that the defendant, while working on a tooth on the left side of the lower jaw, which he was preparing to fill, was using a tool on the end of which was a small rotating emery disc. This disc revolved rapidly and was used to smooth up the edges of the tooth after the drilling. The plaintiff says that the defendant was using his finger or fingers to hold the cheek on the left side away while holding this instrument in his other hand and using it on the tooth; that suddenly there was a click and the defendant permitted the small wheel to jump over against her tongue, which was being held on the opposite side of her mouth, and cut into the tongue, and also that the defendant immediately thereafter threw up his hands and became excited and permitted the instrument to continue to revolve in the mouth of the patient, with the result that the small emery wheel not only cut her tongue, but ground and tore into it so that pieces of the small wheel were taken from the cut in her tongue after the instrument was finally removed. The defense, of course, set up an entirely different situation, but on the motion for judgment non obstante veredicto we may not consider the testimony of the defense, except insofar as it may sustain the plaintiffs' claim."

"The contention of the defendant is that there is no sufficient evidence in the record upon which a charge of negligence on the part of the defendant can be sustained. Both parties are at somewhat of a disadvantage in this case for the reason that the notes of the stenographer who took the testimony of Mrs. Dux

on her original examination in chief are not available and an attempt was made to cover this testimony generally by a rather full cross-examination and a re-direct examination. In the re-direct examination the witness undertook to sum up what she had already repeated in detail. However, on page 18 of the testimony Mrs. Dux said: "He first used the smoothing disc on the back two teeth and toward the teeth and then he used them on the next two teeth bringing it in toward the gum. As he got near the tongue I heard that slip off, it clicked, and it hit the tongue and he let go of the handle and let it hang there and said, "Oh, this is terrible." I could not say anything, the machine was still going, and then he released—the machine was still going and he shut it off. He said, 'I will have to take this apart to get it out of your mouth.'"

"The facts in this case do not bring it within that class of cases where a question of what is proper practice on the part of the dentist is the question. Here there is no question of proper practice, but the jury were asked to conclude that the doctor, while operating properly, carelessly permitted the rapidly revolving disc to slip over against the tongue of the patient and then dropped the tool or instrument from his hand, left it remain revolving in the mouth of the patient, and failed to shut off the power which drove the machine, thus warranting the jury in inferring that this carelessness permitted the revolving disc to cut into the tongue and break, thus causing serious injury to the patient. Under the facts presented upon the part of the plaintiffs, we feel that there was sufficient evidence to carry this case to the jury. In the case of Wible v. Shor, 102 Pa. Superior Ct. 527, it is held that the placing of a hot plate in the mouth of a patient until it cooled, with the result that blisters were formed, was evidence of negligence. Judge BALD-RIGE in his opinion, in distinguishing between the case where a question of proper practice is involved with

that of negligence, said 'It is argued also that under the ruling of Remley v. Plummer, 79 Pa. Superior Ct. 117, and Barnard v. Schell, 85 Pa. Superior Ct. 329, as three experienced, practicing dentists called by the defendant testified that the method employed in adapting the plate to plaintiff's mouth was usual and proper, the defendant was not liable, notwithstanding that a dentist called by the plaintiff testified to the contrary. In those cases, it was held that where medical authority is divided, a physician will not be responsible if, in the exercise of his judgment, he follows a course of treatment advocated by a considerable number of his professional brethren in good standing. But that principle is not involved in the case at bar. This was not a disputed question of scientific dentistry. The defendant does not attempt to justify, as a proper practice, the insertion of a super-heated plate in a patient's mouth to adjust it. The issue here is, whether the plate, in fact, was in such a heated condition as to inflict the burns complained of.' So, in the present case, this was not a question of what was proper practice; plaintiff contended that defendant was negligent in carelessly permitting the rapidly revolving wheel to cut into her tongue and then to release from his hand and permit to remain in her mouth against her tongue this rapidly revolving instrument. The defendant, upon his part, denied that the injury happened in this way. His contention was that plaintiff closed her mouth on the instrument and caused the wheel to break and that she did this after she had placed her tongue over against the revolving wheel and received the cut. He also contended that when the wheel was broken by the patient's biting into it, there was nothing left on the instrument but a smooth revolving stub, which could not have done any injury. Under all of the testimony, we feel that the case was necessarily for the jury.''

The judgment is affirmed.